OPINION
Appellant, Kermit F. Price, and appellee, Susan J. Reese, fka Price, were married in 1959. During the marriage, appellant, with some degree of participation by appellee, entered into certain business ventures which included ownership of the Sandusky Hotel Corporation and a teen "nightclub" called The Note.
In 1969, appellant sued for divorce. Appellee did not contest this divorce. Following a hearing on appellant's petition at which appellee waived appearance, the court granted the divorce reciting that, "* * * the parties hereto have entered into a property settlement agreement settling all matters of custody and support * * *." It is the context of the property settlement to which the court refers that is at issue in this case.
According to appellee, while the 1969 divorce action was pending, she met with appellant and his lawyer at his lawyer's office. Appellee asserts that at that meeting, she agreed to forego any claim on appellant's business properties and to turn over to appellant any shares of those corporations that she held. In return, appellant agreed to divide equally with her the proceeds from the sale of The Note nightclub. To this end, appellee alleges that appellant executed a document titled "unilateral agreement" in which he agreed to divide equally with appellee any amount realized from the sale of The Note in excess of its $156,000 purchase price.
Notwithstanding the fact that recitations in the 1969 "unilateral agreement" stated that efforts were underway to sell The Note, the property remained in appellant's hands until 1995 when The Note property sold for $475,000. According to appellee, when she asked appellant for her share of the proceeds of the sale, he first denied selling the property; then, he denied that he had signed the "unilateral agreement."
As a result of appellant's denials, appellee instituted the lawsuit which underlies this appeal. In her complaint, appellee alleged that appellant breached the unilateral agreement and attempted to defraud her of her rightful share of The Note proceeds.
Appellant denied the validity of the "unilateral agreement" and defended, arguing that a 1973 nunc pro tunc entry in the divorce negated any claim appellee might have. The order purported to "* * * exclude the [appellee] from any and all property rights of * * * the [appellant]." Appellee responded that the nuncpro tunc order was entered without notice to her and was nothing more than part of appellant's plan to defraud her of her fair share of the marital property. Prior to trial, appellee moved for and was granted orders in limine excluding trial reference to thenunc pro tunc entry as well as any reference to the grounds for the 1969 divorce or any mention of the circumstances under which appellee came to be known as "Susan Reese."[1]
At trial, appellee testified to the circumstances surrounding the creation of the "unilateral agreement" and of appellant's repudiation of the agreement. Also testifying was a co-worker of appellee who was also an acquaintance of appellant at the time of the divorce. This woman testified that on the day in 1969 that the agreement was executed, appellee showed it to her. She also testified that subsequent to this, appellant told her he had no intention of abiding by the agreement. According to this witness, appellant described appellee as being a "ding bat" who would, in all probability, lose or forget about the agreement.
In his defense, appellant took the stand, denying that the signature on the "unilateral agreement" was his or that any agreement of the nature described in that document had been reached.
The matter was submitted to the jury which found for appellee on both the breach and fraud counts and awarded appellee compensatory damages, punitive damages and attorney fees. The trial court entered judgment on the verdict and this appeal followed with appellant setting forth the following two assignments of error:
 "I. Appellant was deprived of due process by in limine
orders of the trial court:
 "(a) Excluding from the jury proof of prior judgments entered in Case No. 38063, Kermit F. Price v. Susan J. Price relating directly to Appellant's defenses of res judicata, waiver or estoppel, statute of limitation, and doctrine of laches.
 "(b) Excluding from the jury any evidence relating to the grounds for the divorce in Case No. 38063 which directly concerns Appellee's entitlement to a division of Appellant's property.
 "II. The trial court erred in entering judgment against the Appellant on a so-called `Unilateral Agreement' contrary to the manifest weight of the evidence."
 I
Appellant's first assignment of error concerns the trial court's decision to exclude certain evidence at trial. The admission or exclusion of evidence at trial rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. Huffman v. Hair Surgeons, Inc. (1985),19 Ohio St.3d 83, 86. An abuse of discretion is more than an error of law or of judgment, the term connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 168-169.
 a
Appellant first complains that the trial court abused its discretion in excluding the 1973 nunc pro tunc entry from evidence. The entry, appellant argues, establishes for him the defenses of res judicata, waiver, estoppel, statute of limitations and laches.
Appellee was not independently represented during the divorce. The record suggests that when the 1973 entry was put on, she was not even present in the state. It was uncontested that she had no notice of the entry. Appellant, nevertheless, argued that the entry was valid because appellee waived her appearance during the 1969 divorce.
The trial court found no record of a continuing waiver in the 1969 case and excluded the entry from evidence. As it would have been fundamentally unfair to permit appellant to rely on an order for which it is uncontested that appellee did not approve or was even aware, this ruling was well within the court's discretion.
 b
The remaining portion of appellant's first assignment of error takes to task the trial court's ruling excluding reference to appellant's use of the name "Reese" and the grounds for the parties' 1969 divorce.
This was an action on a contract and for fraud. The grounds for the divorce were absolutely irrelevant to this matter. See Evid.R. 401. With respect to the purportedly unauthorized use of the name "Reese" if this has any probative value at all, which we doubt, it was substantially outweighed by the danger that this evidence might unfairly prejudice appellee, confuse the issues or mislead the jury. See Evid.R. 403(A). Consequently, the court did not abuse its discretion in excluding either of these pieces of "evidence."
Accordingly, appellant's first assignment of error is not well-taken.
 II
In his remaining assignment of error, appellant maintains that the jury's verdict was against the manifest weight of the evidence.
In civil matters, judgments supported by some, meaning any, competent, credible evidence going to all the essential elements of the case will not be reversed on appeal. Vogel v.Wells (1991), 57 Ohio St.3d 91, 96. Moreover, concerning the credibility of witnesses, the trier of fact is entitled to great difference. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80. Here, the issues were the existence of the agreement and appellant's intent to abide by it. The jury, by its verdict, determined that appellee was more credible than appellant. Accordingly, appellant's remaining assignment of error is found not well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.
JUDGMENT AFFIRMED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] Appellant apparently intended to argue that appellee's use of the name "Reese" went to her credibility because she had not been married to Mr. Reese.