Appellant, William G. Walter, appeals from a judgment of the Medina County Court of Common Pleas, Probate Division, that distributed the proceeds of a wrongful death settlement among the beneficiaries of his late wife. We affirm.
On December 18, 1997, Patricia Walter was killed in an automobile accident. At the time of her death, Mrs. Walter and her husband were separated and Mrs. Walter had filed a complaint for divorce. Walter served as administrator of his wife's estate. During the administration of the estate, Walter submitted a wrongful death settlement to the probate court for approval and for distribution of the proceeds among the beneficiaries of the estate: Mrs. Walter's five children, Mrs. Walter's mother, and Walter.
After attorney fees and funeral and burial expenses were deducted from the wrongful death settlement, $679,905.16 remained to be distributed among the beneficiaries. The trial court held an evidentiary hearing, during which several of the beneficiaries and Mrs. Walter's best friend testified. After receiving this evidence, the trial court distributed the vast majority of the proceeds to Mrs. Walter's children, with the younger children receiving more than the older children, $800 to Mrs. Walter's mother, and $22,938.70 to Walter. Walter appeals and raises one assignment of error.
Assignment of Error
 The trial court's order distributing the wrongful death settlement constitutes an abuse of discretion and is reversible error.
Walter's argument is essentially that he deserved more of the settlement proceeds than he received. The distribution of the proceeds of a wrongful death settlement is governed by R.C.2125.03(A)(1), which provides:
 The amount received by a personal representative in an action for wrongful death * * * shall be distributed to the beneficiaries or any one or more of them. The court * * * shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries. * * *
The decision regarding what distribution is equitable rests in the sound discretion of the trial court and will not be reversed on review absent an abuse of that discretion. See In re:Estate of Marinelli (1994), 99 Ohio App.3d 372, 378. An abuse of discretion is more than an error of law or judgment, the term connotes an attitude by the court that is arbitrary, unreasonable, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
The trial court's discretion is guided by the factors set forth in R.C. 2125.02(B), which include loss of support, loss of services, loss of society, and mental anguish. The trial court heard testimony concerning the impact of Mrs. Walter's death on each of her children. The evidence before the court was that each of the children would suffer a substantial loss of financial and emotional support due to the loss of their mother, particularly the younger children. The children, who ranged in age from five to nineteen years, received shares ranging from $119,482.18 to $147,403.78. Walter does not dispute that the children are each entitled to a significant share of the wrongful death proceeds. His argument is that the trial court abused its discretion by failing to award him a comparable share.
Although Walter makes many arguments in his appellate brief that he has suffered a financial and emotional loss due to his wife's death, most of these arguments were not raised in the trial court. Walter essentially faults the court for failing to consider evidence that was not before it. For example, he now contends that, had Mrs. Walter not suffered a wrongful death, she may have dismissed her divorce complaint and remained married to him. Walter presented no evidence to the trial court to suggest that he and his wife might have reunited, however. The only evidence before the court regarding the future of the Walters' marriage was that, at the time of Mrs. Walter's death, she was separated from her husband and had filed for divorce. Mrs. Walter's best friend testified that she believed that Mrs. Walter would have followed through with the divorce. Because the trial court had no evidence to the contrary before it, the court reasonably concluded that the marriage was over.
The only evidence Walter offered to the trial court was that he had over $25,000 in marital debt. Thus, the only fact he offered relevant to the R.C. 2125.02(B) factors was that he would sustain a financial loss due to Mrs. Walter's death because he would have to pay the marital debt himself. He offered no other evidence of the impact on him of his wife's death. There was no evidence to suggest that, had Mrs. Walter not died when she did, she would have offered Walter any emotional or financial support other than to pay her share of the marital debt. Thus, the trial court did not abuse its discretion by limiting Walter's share of the wrongful death proceeds to one-half of the marital debt plus $10,000 for loss of society and mental anguish. The assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
EDWARD J. MAHONEY
FOR THE COURT BAIRD, P.J.
SLABY, J.
CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)