DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Huron Municipal Court in a case involving the sale of a used boat. Because we conclude that the trial court's decision is supported by the record, we affirm.
Appellant, Terry Sibert, sold a used boat, motor, and trailer to appellee, David V. Brown, for $3,400. Prior to the purchase, the boat ran satisfactorily during a test drive. However, less than one month after the purchase, appellee encountered various mechanical problems with components of the boat; these included problems with the battery, the ship to shore radio, and the motor. Appellee filed suit in small claims court, requesting reimbursement for required repairs. The magistrate found in favor of appellee and recommended that appellant pay $450 plus court costs. Appellant filed objections to the magistrate's decision.
During a de novo hearing before the municipal court, appellant and appellee submitted testimony and further evidence, including letters regarding disclosure of the boat's condition and prior repairs. The evidence was conflicting as to what appellant disclosed to appellee prior to the sale. Appellant testified that he had disclosed prior repairs made to the unit and that he "hoped the boat is as good to [appellee] as it was to me." Appellee testified that appellant represented that the boat was in good condition but did not disclose that major repairs had been made to the motor or that it had not been run for thirteen months prior to the sale.
Ultimately, the court found that no representations were made as to the battery or radio. However, the court found that appellant had either failed to disclose known problems or had failed to fully disclose prior repairs performed on the motor. The court awarded appellee $1,272 for the cost of motor repairs.
Appellant now appeals that judgment, setting forth the following five assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE SMALL CLAIMS COURT ERRED IN FAILING TO REVIEW OR CONSIDER EVIDENCE PROFFERED BY APPELLANT FROM HURON RIVER MARINE, INC.
"SECOND ASSIGNMENT OF ERROR
 "THE MAGISTRATE AND JUDGE THAT HEARD THIS CASE FAILED TO APPLY SMALL CLAIMS COURT RULES TO THE CASE.
"THIRD ASSIGNMENT OF ERROR
 "THE JUDGE HEARING THIS CASE INDICATED DURING THE SECOND TRIAL THAT HE WOULD CONSIDER EVIDENCE FROM TRANSCRIPTS OF THE FIRST CASE BUT COULDN'T BECAUSE THE TAPE WAS ERASED.
"FOURTH ASSIGNMENT OF ERROR
 "THE JUDGE MISAPPLIED THE LAW AS TO THE FACTS AND ADMISSIONS THAT THERE WAS AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.
"FIFTH ASSIGNMENT OF ERROR
 "THE JUDGE MISAPPLIED THE LAW AS TO THE FACTS AND ADMISSIONS THAT THIS SALE CARRIED AN IMPLIED WARRANTY OF MERCHANTABILITY."
 I.
We initially note that App.R. 16(A)(7) provides that an appellant's brief shall include an
 "argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. . . ." (Emphasis added.)
Appellant's second, third and fifth assignments of error are devoid of any legal references in support of his arguments. Therefore, they do not conform with App.R. 16(A)(7). Accordingly, appellant's second, third, and fifth assignments of error are stricken.
 II.
Appellant, in his first assignment of error, claims that the court failed to review or consider evidence from Huron River Marine, Inc. regarding appellant's knowledge of problems with the boat.
The decision of whether or not to admit evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. An "abuse of discretion" is more than an error of law or of judgment; the term connotes an attitude that is unreasonable, arbitrary or unconscionable. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
Our review of the transcript of the proceedings reveals, that while the court initially denied admission of appellant's letter from the marina, it later (after a brief discussion and upon appellee's consent) agreed to consider the document. Therefore, the court cannot be accused of abusing its discretion in this matter.
Accordingly, appellant's first assignment of error is not well-taken.
 III.
Appellant, in his fourth assignment of error, contends that the trial court misapplied the law regarding an implied warranty of fitness for a particular purpose.
In this case, after considering the evidence and testimony, the trial court found that appellant "either knew of problems with the motor and failed to disclose same to [appellee] or in the alternative [appellant] failed to fully disclose to [appellee] the nature of the prior work performed." Although, at the de novo hearing, appellant alluded to the magistrate's application of the doctrine of implied warranty for a particular purpose, the record contains nothing that indicates that the court based its determination upon or even considered such doctrine. Rather, the decision was based simply upon the credibility of the parties regarding appellant's alleged misrepresentations of the condition of the boat prior to sale. Credibility of witnesses is a matter for the trier of fact. See Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80. Thus, since the trial court's decision was not based upon the doctrine of implied warranty for a particular purpose and was properly based upon witness credibility, appellant's argument is meritless.
Accordingly, appellant's fourth assignment of error is not well-taken.
The judgment of the Huron Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Peter M. Handwork, P.J.
 _______________________________ JUDGE CONCUR. Melvin L. Resnick, J.
 _______________________________ JUDGE James R. Sherck, J.