DECISION AND JUDGMENT ENTRY
Kenworth Trucking Company ("Kenworth") appeals the determination by the Ross County Court of Common Pleas that Diana Huffman is entitled to participate in the workers' compensation fund for the additional condition of fibromyalgia. Kenworth asserts that the trial court erred in striking the relevant testimony of an expert concerning whether alcohol abuse and stress can cause fibromyalgia. Because we find that the trial court did not abuse its discretion in striking expert testimony that was not made with the requisite standard of probability and certainty, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
In 1992, Huffman suffered a serious injury while working at Kenworth. The Industrial Commission of Ohio ("the Commission") allowed Huffman to participate in the workers' compensation fund as a result of the 1992 injury. In 1997, Huffman sought the allowance of an additional claim as a result of the same injury. She asserted that the injury had caused her to suffer from fibromyalgia.
At each stage of the administrative proceedings, her request was denied. Ultimately Huffman appealed the Commission's denial of her request to the trial court. The trial court held a jury trial. None of the expert witnesses disputed that Huffman suffered from some level of fibromyalgia. The sole issue for the jury to decide was whether the 1992 injury caused the fibromyalgia.
Huffman presented the testimony of three expert witnesses. All three experts opined that the injury caused the fibromyalgia or that the fibromyalgia is consistent with the injury. Dr. Pearlman testified that use of alcohol can aggravate fibromyalgia. Dr. Waylonis testified that he has not seen alcoholism as a major problem in people with fibromyalgia.
The trial court sustained Huffman's objections to the following testimony given on cross-examination by her third expert, Dr. Bolender, in his videotaped deposition.
 Q. You made a note July 28th, 1995. And I'll read the note to you, because I want to ask you a few questions about it. "Has been to the fourth psychologist now. This one wants to have her admitted to Parkside for detox to get her off the Clonopin, Tylenol Three and alcohol. Patient still insists that this is not the problem. The problem is with her neck."
 MR. RISELING: Objection. I object to any reference with regard to alcohol.
BY MR. ADAMS:
 Q. Were you treating her for some kind of addictive problem?
 A. No I was not. This — When she was — I believe that when the therapist who was seeing her down at — through Workers' Comp (sic) or through the plant down there, and was referring her to Cincinnati and all these different places is the one who — got caught up on that. And I believe these — Clonopin and the — the Clonopin, I believe, was started by — by — Dr. O'Donnell. In fact, that's back in July of '94. That's where that got started.
 Q. Well, I guess my question is: Again, I've done a lot of reading on this and the literature seems to indicate that alcohol abuse and stress and other problems in someone's life make this worse or even cause it.
MR. RISELING: Objection.
BY MR. ADAMS:
Q. Is that true or not?
 A. Well, in some cases, those things could cause it, right. But — I think that —
Q. You've answered the question.
 A. — in this case, she was taking these medications because she perceived that they were helping her. And in fact, the Clonopin and the Tylenol Number Three were prescribed for her.
 * * *
Kenworth offered the testimony of a single expert, Dr. Baird, who opined that Huffman suffers from mild fibromyalgia, which was not caused by the 1992 industrial injury.
The jury found that Huffman is entitled to participate in the workers' compensation fund with the condition of fibromyalgia as a result of the 1992 industrial injury.
Kenworth appeals and asserts the following assignment of error:
 The Trial Court erred to the prejudice of [Kenworth] in striking the testimony given by [its] expert witness, [Dr. Bolender], on cross-examination that * * * Huffman's alcohol abuse and stress were a possible cause of her fibromyalgia.
 II.
In its only assignment of error, Kenworth argues that Dr. Bolender's testimony on the causal relationship between "alcohol abuse, stress and other problems" and fibromyalgia was relevant. However, the trial court's ruling on and the discussion of the parties' objections during the videotaped depositions were not made a part of the record. Therefore, we are unable to ascertain the basis for the trial court's decision to exclude the testimony and we are not confined to a determination of whether Dr. Bolender's testimony was relevant.
We review questions concerning the admission or exclusion of expert testimony for an abuse of discretion. State v. Awkal (1996),76 Ohio St.3d 324, 332. See, also, Mayflower Transit, Inc. v. Commercial Trailer Co. (Sept. 28, 2000), Franklin App. Nos. 99AP-1058 99AP-1074, unreported (abuse of discretion review of whether expert's testimony made with the requisite standard of probability and certainty). An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993), 67 Ohio St.3d 487;Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, citing Berk v. Matthews (1990), 53 Ohio St.3d 161.
It is well established that unless an expert witness expresses his or her opinion in terms of probability, the testimony will be excluded as speculative. Shumaker v. Oliver B. Cannon Sons, Inc. (1986),28 Ohio St.3d 367, 369; Stinson v. England (1994), 69 Ohio St.3d 451, paragraph one of the syllabus. "[T]he establishment of proximate cause through expert testimony must be by probability." Shumaker at 369. In Shumaker, an expert stated that he was testifying to a "reasonable degree of probability," but modified his statement on causality by the word "could." Id. The court found that the above referenced portion of the expert's testimony should not have been admitted because it was not made with the requisite standard of probability and certainty. Shumaker at 370. Thus, when an expert uses the word "could" to equivocate an opinion, the opinion is not made with the requisite standard of probability and certainty.
In this case, Dr. Bolender testified that "in some cases, those things could cause it * * *." He did not opine to a reasonable degree of medical certainty, as he did with his earlier opinion, and he equivocated his opinion with the word "could." Dr. Bolender did not express his opinion with the requisite standard of probability and certainty. Thus, the trial court did not act unreasonably, unconscionably, or arbitrarily in sustaining Huffman's objection to Dr. Bolender's disputed testimony. We find that the trial court did not abuse its discretion in striking Dr. Bolender's testimony, even if relevant.
Accordingly, we overrule Kenworth's only assignment of error, and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
 _______________________________ Roger L. Kline, Presiding Judge