This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Latrese Magee Gilcreast ("Latrese"), appeals from the decision of the Summit County Court of Common Pleas, Juvenile Division, which terminated her parental rights to her children, Diere Magee, Theresa Magee, and Bianca Robinson (collectively referred to as "the children"), denied her motion for legal custody to the children's maternal great-aunt Myrtis Snipes ("Snipes"), and awarded permanent custody to the Summit County Children Services Board ("CSB"). We affirm.
 I.
Latrese is the biological mother of four children,[1] three of which are at issue in this appeal: Diere, born December 3, 1991, Theresa, born February 7, 1993, and Bianca, born March 4, 1994. On August 30, 1999, CSB filed a complaint in the juvenile court, alleging that the children were dependent. The complaint alleged that domestic violence was occurring in the family home. On November 10, 1999, the juvenile court adjudicated the children dependent. The court noted instances of domestic violence: one occurring when Latrese's husband, Cleotis Gilcreast ("Cleotis"), struck her while she held the couple's child, Cleotis, III, and one when Cleotis threw Latrese down a flight of stairs and verbally threatened her in front of the children. The court ordered that Cleotis have no contact with Latrese or the children, with the exception of scheduled visitation. The court ordered that the children remain in the legal custody of Latrese with protective supervision of CSB.
On June 8, 2000, CSB moved for temporary custody of the children due to a variety of factors, including Latrese's failure to make progress on the case plan. The court placed the children in the emergency temporary custody of CSB. The court further ordered Theresa to be placed with her father, Elton Monday, upon approval by CSB.
CSB then moved for permanent custody on February 13, 2001. On March 30, 2001, Latrese filed two motions with the court: one requesting the return of the three children to Latrese's legal custody, and the other requesting that the children be placed into the legal custody of their maternal great-aunt Myrtis.
On April 19, 2001, the permanent custody hearing was held before a magistrate. At this time, Latrese withdrew her motion to return the children to her legal custody. The magistrate found by clear and convincing evidence that it was in the best interests of the children to be placed in the permanent custody of CSB. Latrese filed objections to the magistrate's decision. On September 26, 2001, the juvenile court ruled on the objections, denying Latrese's motion to place the children in the legal custody of Myrtis and awarding permanent custody of the children to CSB. Latrese timely appeals and raises two assignments of error. We discuss the assignments of error in reverse order for ease of review.
 II. Assignment of Error No. II THE TRIAL COURT'S DECISION GRANTING PERMANENT CUSTODY OF THE CHILDREN TO CHILDREN SERVICES BOARD AND DENYING MOTHER'S MOTION FOR LEGAL CUSTODY TO MATERNAL GREAT-AUNT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
In her second assignment of error, Latrese asserts that the decision denying her motion to award legal custody of the children to Snipes was against the manifest weight of the evidence. We disagree.
An appellant bears the burden of affirmatively demonstrating error on Appeal. Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, at 2. Pursuant to App.R. 12(A)(2), this court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based. The brief of the appellant must contain argument and law, with citations to the authorities, statutes, and parts of the record on which the appellant relies. App.R. 16(A)(7).
This court notes that Latrese has failed to set forth a single, legal authority to support her contention that the trial court erred in denying the motion to place the children in the legal custody of Snipes and awarding permanent custody to CSB. In doing so, Latrese has failed to provide citations to authorities and parts of the record in support of her assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6).
Latrese failed to meet her burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See Kremer v. Cox (1996), 114 Ohio App.3d 41,60; In re Williams (Sept. 20, 2000), Summit App. No. 19806, unreported, at 5. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349, 18673, unreported, at 18. As Latrese did not cite to any legal authority or parts of the record to support this assignment of error, her assertions cannot be considered as sufficient to carry her burden of proving that the decision of the trial court, which awarded permanent custody of the children to CSB and denied the motion to place them in the legal custody of Snipes, was against the manifest weight of the evidence.
Accordingly, because Latrese has failed to set forth any legal error by the trial court in her second assignment of error, this court chooses to disregard it. Therefore, Latrese's second assignment of error is overruled.
 Assignment of Error No. I THE TRIAL COURT'S DETERMINATION GRANTING PERMANENT CUSTODY OF THE CHILDREN TO CHILDREN SERVICES BOARD AND DENYING MOTHER'S MOTION FOR LEGAL CUSTODY TO MATERNAL GREAT-AUNT WAS CONTRARY TO LAW, WAS NOT BASED ON CLEAR AND CONVINCING EVIDENCE AND WAS NOT IN THE BEST INTEREST OF THE CHILDREN.
In her first assignment of error, Latrese challenges the juvenile court's denial of her motion to award legal custody of the children to the children's maternal great-aunt. Latrese asserts that proper resolution would have been to award legal custody to Snipes and that the decision of the juvenile court was inconsistent with the best interest of the children. We disagree.
R.C. 2151.353(A) sets forth the juvenile court's authorized alternatives for a child who has been adjudicated dependent, providing that when a child is adjudicated a dependent child, the court may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]" Accordingly, once the juvenile court adjudicates a child dependent, the court may award legal custody of the child to either parent or to a non-parent upon a timely motion. See R. C. 2151.353(A)(3).
However, R.C. 2151.35.3 does not require the court to consider placement with a relative before it grants permanent custody to a moving agency. In re Patterson (1999), 134 Ohio App.3d 119, 130. "The willingness of a relative to care for the child[ren] does not alter what a court considers in determining permanent custody." Id. at 129. Moreover, the decision to grant or deny a motion for legal custody is within the juvenile court's sound discretion. In re Jones (May 2, 2001), Summit App. No. 20306, unreported, at 11-12. Therefore, we will not reverse that decision absent an abuse of discretion. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Berk v.Matthews (1999), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In this case, the court was not required to find that Snipes was an unsuitable placement option prior to awarding permanent custody to CSB. Instead, the decision to deny the motion to award legal custody to Snipes was solely within the juvenile court's discretion.
The testimony revealed that Snipes rents a four bedroom house with one bathroom. Currently, her 19-year old son resides with her, and she has legal custody of two grandchildren, ages six and eight. If the children were placed in the legal custody of Snipes, there would be seven individuals residing in the home, five of them children. Snipes works third shift, from 11:00 p.m. to 7:30 a.m. She testified that her 19-year old son was not willing to help out with the children, although another relative indicated to Snipes that she was willing to assist her with the children. The testimony also revealed that Latrese herself was in the custody of Snipes when Latrese was a teenager. It was at this time that Latrese began abusing alcohol and using illegal drugs such as cocaine and marijuana. Snipes denies knowledge of Latrese's drug or alcohol use during this time.
Latrese's younger brother and sister had been placed with Snipes for a period of six or seven months in 2000. Snipes testified that she returned the children to CSB's custody when they refused to follow her rules and attend school.
Consequently, considering the evidence, we cannot say that the trial court abused its discretion when it denied the motion to award legal custody of the children to Snipes. Latrese's first assignment of error is overruled.
 III.
Having overruled Latrese's assignments of error, we affirm the judgment of the juvenile court.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] Latrese's fourth child, Cleotis Gilcreast, III, born November 14, 1998, is not a subject of this appeal. He is in the legal custody of his paternal aunt, Tamika Gilcreast.