DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, David R. and Ann Marie Gurley, appeal from the judgment of the Summit County Court of Common Pleas which entered a verdict in favor of Appellee, Rasheed Nemer, M.D. We affirm.
 {¶ 2} Appellants filed a medical malpractice action against Appellee in May 2002, alleging failure to timely diagnose bone cancer in Appellant David's wrist. The cause proceeded to trial in January 2004. During voir dire, two prospective jurors expressed possible bias and partiality in favor of physicians sued for medical malpractice. Appellants moved to strike both jurors for cause, but the court, following additional questioning of both jurors, refused to strike them. Appellants, therefore, exercised two peremptory challenges against those jurors, and exhausted their final peremptory against another individual.
 {¶ 3} Following the trial, the jury rendered a verdict in favor of Appellee in which only six of the eight jurors concurred. Appellants timely appealed, raising two assignments of error for our review. For ease of discussion, we will discuss both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred to the substantial prejudice of [Appellants] in denying Appellants' challenge for cause of prospective Juror No. 3, Mr. Komos, who demonstrated a suspicion of bias or prejudice in favor of [Appellee] and against [Appellants]."
 ASSIGNMENT OF ERROR II
"The trial court erred to the substantial prejudice of [Appellants] in denying Appellants' challenge for cause of prospective Juror No. 2, Mr. Cawthorne, who demonstrated a suspicion of bias or prejudice in favor of [Appellee] and against [Appellants]."
 {¶ 4} In their assignments of error, Appellants argue that the trial court erred in failing to excuse two separate jurors for cause. Appellants assert that both jurors demonstrated sufficient bias or prejudice in favor of Appellee that the court was required to remove them for cause. They further opine that a trial court must excuse any prospective juror if it has any doubt as to whether the juror is entirely unbiased. We disagree with Appellants' contentions.
 Standard of Review {¶ 5} Good cause exists to remove a prospective juror where the juror has indicated that he cannot be fair and impartial or will not follow the instructions on the law given by the court. R.C. 2313.42(J). A trial court has considerable discretion in determining whether to remove a prospective juror for cause.State v. Cornwell (1999), 86 Ohio St.3d 560, 563. As such, this Court reviews the trial court's decision regarding removal for cause under an abuse of discretion standard. Id. An abuse of discretion is more than a mere error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} R.C. 2313.43 states that:
"any petit juror may be challenged on suspicion of prejudice against or partiality for either party[.] * * * The validity of such challenge shall be determined by the trial court and be sustained if the court has any doubt as to the juror's being entirely unbiased."
In cases where a juror gives conflicting answers regarding a possible bias, the trial court must determine which answer truly reflects the prospective juror's state of mind. State v. Jones
(2001), 91 Ohio St.3d 335, 339. As long as a trial court is satisfied, following additional questioning of the prospective juror, that the juror can be fair and impartial and follow the law as instructed, the court need not remove that juror for cause. See Berk v. Matthews (1990), 53 Ohio St.3d 161, 169;State v. Bryan, 101 Ohio St.3d 272, 2004-Ohio-971, at ¶ 87-100.
 Juror No. 2: Mr. Cawthorne {¶ 7} Juror No. 2, Mr. Cawthorne, served as a pharmaceutical sales manager. During voir dire, he indicated that he had concerns about the future effects the trial's outcome might have upon his job. Mr. Cawthorne explained that he often accompanied sales representatives when they went to see a physician, and that, following a verdict of any sort, a "potentially uncomfortable situation" might occur if he accompanied a sales representative to Appellee's office. While Mr. Cawthorne was unsure whether his company serviced Appellee, he stated that the future possibility of that awkward meeting would remain in his mind as a concern.
 {¶ 8} Appellee's attorney later questioned Mr. Cawthorne about the effect this concern might have upon the trial:
"MR. HUDAK: Do you believe in this case, from what you know about it now, that you would be able to be fair and impartial to both of the parties to this issue?
"JUROR CAWTHORNE: I could be fair.
"MR. HUDAK: All right. Could you be impartial?
"JUROR CAWTHORNE: Yes.
"MR. HUDAK: All Right. You can listen to the evidence of this case, the testimony of this case, and separate your professional life and decide this issue on the evidence and the testimony that is presented in this courtroom?
"JUROR CAWTHORNE: Yes, I could.
"MR. HUDAK: Okay. Will you do that if chosen to be a juror?
"JUROR CAWHTORNE: Yes, I will."
 {¶ 9} After Appellants entered their challenge for cause, the court questioned Mr. Cawthorne, who reiterated that he thought he could be a fair and impartial juror. He also indicated that he brought up the issue only because he wanted to be entirely honest with the court, and not because he felt it would sway his opinion. The court therefore refused to remove Mr. Cawthorne for cause:
"Mr. Cawthorne is in this position because he was honest and he didn't know if it would have an affect or not, so he brought it up. Now we are making a big deal about it.
"He clearly said he can follow the evidence and Court's instruction."
 {¶ 10} After reviewing the transcript of voir dire in this case, we find that the trial court did not abuse its discretion by refusing to remove Mr. Cawthorne for cause. Mr. Cawthorne indicated that he could be a fair and impartial juror regardless of any future possibility of an awkward meeting within his job. Accordingly, we overrule Appellants' second assignment of error relating to Mr. Cawthorne.
 Juror No. 3: Mr. Komos {¶ 11} Juror No. 3, Mr. Komos, indicated concern in favor of doctors in medical malpractice cases:
"I am concerned * * * about the doctor's situation. * * * I hear about doctors leaving the state because of some situation here in Ohio. * * * [T]his is a big, big problem, and I am a little bit concerned about whether or not I can really be * * * a good juror in this situation because of all that I have read."
Mr. Komos also stated that he might be more sympathetic to a doctor in a medical malpractice case due to things he had read. He further evinced uncertainty as to whether a different set of rules should be applied to doctors because, as he put it, "[t]hey have a tougher job [than] the rest of us do." When questioned by the attorneys, Mr. Komos eventually concluded that perhaps "it wouldn't be a good idea for [him] to serve on the jury[.]"
 {¶ 12} Following Appellants' challenge for cause, the court conducted its own examination of Mr. Komos. At first, Mr. Komos explained that:
"there are just so many lawsuits and * * * the pendulum has swung too far against the doctors, and with all the problems we have with doctors leaving the state and going into other occupations or retiring early, that's one side of me.
"But the other side is if there is a strong case and they have strong evidence that there is something terribly wrong done here * * * I think I would wind up throwing the book at the doctor.
"So it depends on the evidence."
When further questioned by the Court, Mr. Komos stated that he would "hold [Appellants] to their burden of proof in this case" but also would "be able to return a verdict in favor of [Appellants] * * * and assess damages" if they proved their claim. Following this discussion, the court found that it was satisfied that Mr. Komos would base his decision on the evidence at hand, and was not partial to either party.
 {¶ 13} After reviewing the record, we find that the trial court did not abuse its discretion in refusing to remove Mr. Komos for cause. While he was not as equivocal in his indication of impartiality, he did agree to judge the case based upon the evidence and legal instruction given. Further, he evinced willingness to assess damages against Appellee if Appellants proved their case according to the law. We overrule Appellants' first assignment of error relating to Mr. Komos.
 {¶ 14} We overrule Appellants' assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.