[Cite as *In re T.E.*, 2024-Ohio-3410.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| IN RE:  T.E. | : | APPEAL NO. C-240144 |
| | | TRIAL NO. 2023003936 |
| | : | |
| | : | *O P I N I O N.* |


Appeal From:  Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 6, 2024


*Alicia A. Epps*, Petitioner, pro se.

**Crouse, Judge.**

{¶1} Petitioner Alicia Epps appeals from the trial court's entry denying her objections to, and adopting, a magistrate's decision that dismissed Epps's application to be appointed guardian of her allegedly incompetent granddaughter T.E. and denied her motion to order a family member to make T.E. available for a medical examination. Because Epps did not present clear and convincing evidence that T.E. was incompetent, we hold that the trial court did not err in dismissing the application for guardianship or denying Epps's related motion concerning a medical evaluation, and we affirm its judgment.

### I. Factual and Procedural Background

{¶2} In September of 2023, Epps filed an application in the Hamilton County Court of Common Pleas, Probate Division, to be appointed as guardian of her granddaughter T.E. The application claimed that 19-year-old T.E. was on the autism spectrum. Epps also filed a document titled "application for court to appoint physician." The allegations in this document were somewhat disjointed, but essentially stated that Epps had scheduled a doctor's appointment for T.E., and T.E. had refused to attend. It contained additional allegations unrelated to a doctor's appointment, including allegations that T.E. graduated from high school in 2022, that she had been on an Individualized Education Plan ("IEP") while in school, and that T.E.'s mother, who had recently passed away, was unable to enroll T.E. in college because of a "deceitful family member."

{¶3} On October 3, 2023, the trial court issued an entry appointing a physician to examine T.E. An amended entry was subsequently issued, providing that

2

the examining doctor was required to submit an expert evaluation by November 30, 2023, or the case would be dismissed.

{¶4}   On November 13, 2023, Epps filed a "motion for court to have Krystal Gulley return purposed [*sic*] ward." While the allegations in this motion are hard to follow, it seemingly asserted that T.E. was being intentionally held by Gulley, who was Epps's niece and T.E.'s cousin, and that Gulley manipulated T.E., refused to bring her to doctor's appointments, and would not let her see Epps.

{¶5}   A hearing on Epps's filings was held before a probate court magistrate on December 8, 2023. Epps testified that she was unaware of T.E.'s current living arrangements and that T.E. had not yet been evaluated by a doctor, despite the fact that Epps had communicated to Gulley the necessity of such evaluation. Epps's testimony failed to address why she believed that T.E. was in need of a guardian and why she believed that T.E. was incompetent due to being on the autism spectrum.

{¶6}   Gulley testified that T.E. currently lives with her, and that she opposed Epps's request for T.E. to be evaluated by a doctor. Gulley explained that T.E.'s mother, prior to her recent death, never had T.E. evaluated for the concerns expressed by Epps and that T.E.'s family did not share Epps's concerns regarding T.E.'s competence. Gulley stated that T.E. recently graduated from high school. She further testified as to Epps's relationship with T.E., stating that Epps has made no effort to see T.E. and that she believed Epps was trying to obtain guardianship of T.E. so that she could have control of the apartment where T.E. had resided with her mother. Gulley stated that T.E. was 19, had a mind of her own, and did not want to live with Epps. She explained that T.E.'s distrust of Epps stemmed from Epps's attempt to stab Gulley in front of T.E. Gulley further told the court that Epps has not allowed T.E. to retrieve any of her

belongings from her old apartment, and that Epps has filed numerous charges against Gulley.

{¶7} T.E. also took the stand and was questioned by the magistrate. She told the court that she lives with Gulley and that she did not want to see a doctor because she does not feel like there is anything wrong with her. The court questioned T.E. about her future, and she stated that she does not have a job, but that she would like to go to college and was interested in art. T.E. explained that Epps currently lives in the apartment where she used to reside with her mother and that she does not want to move back into that apartment with Epps. The magistrate allowed Epps to question T.E. about that sentiment, and T.E. responded that she did not trust Epps, referencing an incident in which Epps had pulled a knife on someone who T.E. did not name. Epps tried to insinuate that Gulley had taken T.E. from her old apartment, but T.E. clearly stated that she left of her own free will.

{¶8} At the conclusion of the hearing, the magistrate stated, "I'm not a psychiatrist, neither are you, neither is anyone in this room. But I also had, you know, great concern early on in this case whether there was even sufficient probable cause to even start the process. We had a hearing solely on that a long time ago. And even at that hearing I remember saying this is real, real, thin. There's barely enough to even proceed." The magistrate further acknowledged that T.E. was able to provide coherent answers to his questions, discuss her plans for the future, and vocalize that she did not want to move back in with Epps for a variety of reasons. He recognized the fact that T.E. had an IEP while in high school and that she could potentially have a learning disability, but stated that utilization of an IEP did not equate to legal incompetence. The magistrate concluded the hearing by stating that he was going to deny both Epps's

motion to have T.E. seen by a doctor and her application for guardianship, and that the case would be dismissed. He subsequently issued an entry in accordance with that pronouncement.

{¶9} Epps filed an objection to the magistrate's decision. The objection did not set forth a clear challenge to the decision, but stated that T.E. "is being held by Krystal Gulley who refuses to have her seen for purposes of guardianship and is a danger to [T.E.]." The trial court issued an entry scheduling a hearing on Epps's objection on March 4, 2024.

{¶10} Instead of holding the hearing, the trial court, on February 9, 2024, issued an entry denying Epps's objection, adopting the magistrate's decision, and entering final judgment. The entry stated that the testimony of the putative ward was sufficient to warrant dismissal and that the hearing set for March 4, 2024, was vacated. Epps now appeals, raising four assignments of error for our review.

## II. Guardianship Application Properly Dismissed

{¶11} In her first assignment of error, Epps argues that the trial court erred in vacating the hearing on her objection to the magistrate's decision. In her second assignment of error, she argues that the trial court erred in reviewing an audio recording of the proceedings before the magistrate without conducting a hearing on her objection.

{¶12} Epps does not separately argue these assignments of error in her brief, and she provides no legal citation or argument in support thereof. The entirety of Epps's brief is dedicated to arguing her remaining two assignments of error. App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on

5

which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Accordingly, pursuant to App.R. 12(A)(2), we disregard Epps's first and second assignments of error and decline to address them.

{¶13} In both her third and fourth assignments of error, Epps argues that the trial court erred in dismissing her application to be appointed guardian of T.E. and in denying her objection to the magistrate's decision. We address these assignments of error together.

{¶14} A probate court's decision regarding the appointment of a guardian is reviewed for an abuse of discretion. *In re Glasgow*, 2022-Ohio-1366, ¶ 16 (12th Dist.); *In re Guardianship of Waller*, 2011-Ohio-313, ¶ 16 (1st Dist.). "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Garry v. Borger*, 2023-Ohio-905, ¶ 14 (1st Dist.), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990).

{¶15} The appointment of a guardian by a probate court is provided for in R.C. 2111.02. This statute provides that "[i]f found necessary, a probate court on its own motion or on application by any interested party shall appoint, subject to divisions (C) and (D) of this section and to section 2109.21 and division (B) of section 2111.121 of the Revised Code, a guardian of the person, the estate, or both, of a minor or incompetent." A guardianship proceeding is not adversarial. *Waller* at ¶ 16. "[T]he probate court must act in the best interests of the incompetent person." *Id.*

{¶16} As relevant to this appeal, a person is incompetent when the person "is so mentally impaired, as a result of a mental or physical illness or disability, as a result of intellectual disability, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property." R.C. 2111.01(D)(1).

The trial court must conduct a hearing before appointing a guardian for an allegedly incompetent person. R.C. 2111.02(C). At the hearing, the applicant for a guardianship bears the burden of establishing incompetency by clear and convincing evidence. R.C. 2111.02(C)(3); *In re Glasgow* at ¶ 15. Clear and convincing evidence is "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *In re K.H.*, 2008-Ohio-4825, ¶ 42, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶17} Following our review of the record, we hold that Epps failed to meet her burden of establishing by clear and convincing evidence that T.E. was incompetent. Other than alleging in her application for guardianship that T.E. was on the autism spectrum, Epps provided no evidence that T.E. was incompetent or that she was, in fact, autistic. Various filings in the record and testimony at the hearing before the magistrate indicated that T.E. had utilized an IEP while in high school. But as the magistrate noted, utilization of an IEP established, at best, that T.E. may have had a learning disability, which is not the equivalent of incompetence.

{¶18} The evidence in the record establishes that T.E.'s family, including her mother prior to her death, did not believe that T.E. was incompetent or on the autism spectrum. T.E. graduated from high school and was able to articulately convey to the magistrate that she had an interest in art and would like to attend college. T.E. also articulately explained her distrust of Epps.

{¶19} Frankly, the record contains no evidence, let alone clear and convincing evidence, that T.E. was so mentally impaired that she was incapable of taking proper

7

care of herself or her property. *See* R.C. 2111.01(D)(1). Because Epps failed to present clear and convincing evidence that T.E. was incompetent, the trial court did not abuse its discretion in dismissing her application to be appointed guardian of T.E. *See In re Guardianship of Swank*, 1999 Ohio App. LEXIS 2811 (5th Dist. June 16, 1999) (affirming the trial court's denial of the requested guardianship because there was not clear and convincing evidence of incompetency).

{¶20} Epps also argues that the trial court erred in denying her objection to the magistrate's decision, which concerned the denial of her motion to order Gulley to make Epps available for a medical examination. We find no error in the denial of this motion. As we have explained, the record contained no evidence that Epps was incompetent. Further, neither T.E. nor her family believed that she was autistic or incompetent, and T.E. was able to articulately discuss her history with Epps and plans for her future. The record establishes that there was no justification or basis to order T.E. to submit to a medical examination. To hold otherwise would set a dangerous precedent in which individuals exhibiting no signs of incompetency could be forced to submit to medical examinations against their will.

{¶21} We accordingly hold that the trial court did not abuse its discretion in adopting the magistrate's decision that denied Epps's motion to have Gulley make Epps available for a medical examination and dismissed the application for guardianship. The third and fourth assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.