JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert H. Abernethy, appeals from the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted the motion of appellee, Eve Abernethy, to strike appellant's motion to modify spousal support. In addition, appellee requested an award of attorney's fees and costs in connection with this appeal. Finding no error in the proceedings below, we affirm. Further, finding this appeal is not frivolous, appellee's request for an award of attorney's fees is denied.
 {¶ 2} A judgment of divorce on behalf of Robert and Eve Abernethy was filed October 4, 2001. That judgment of divorce included a provision calculating monthly spousal support to be paid by appellant. According to that provision, the spousal support was to terminate "upon * * * Plaintiff's remarriage or co-habitation with an unrelated male * * *."
 {¶ 3} On February 20, 2002, appellant filed a motion to modify spousal support with an affidavit. The attached affidavit stated "there has been a change of circumstances which necessitates a modification * * * to Affiant's spousal support obligation." Appellant then quoted the relevant section of the judgment entry of divorce regarding the spousal support calculation and circumstances triggering termination of spousal support.
 {¶ 4} On June 25, 2002, appellee filed a motion to strike appellant's motion to modify spousal support for failing to provide sufficient facts to comply with Loc.R. 19(A). On July 16, 2002, appellant filed a brief in opposition to the motion to strike and a motion for leave to file an amended motion to modify spousal support. The motion for leave was never ruled upon by the trial court; therefore, the content of the amended motion to modify spousal support is not properly before this court.
 {¶ 5} On July 19, 2002, the trial court granted appellee's motion to strike appellant's motion to modify. It is from that decision that this appeal arises. The appellant has raised one assignment of error.
 {¶ 6} "I. The trial court improperly granted the appellee's motion to strike the appellant's motion to modify spousal support."
 {¶ 7} The standard of review for a motion to strike is an abuse of discretion by the trial court. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark,71 Ohio St.3d 466, 470, 1994-Ohio-43; State v. Moreland (1990),50 Ohio St.3d 58, 61; State v. Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135, 138; Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 8} In his only assignment of error, appellant contends the trial court erred in striking his motion to modify spousal support. Specifically, he asserts his motion to modify spousal support complied with Loc.R. 19(A) of the Domestic Relations Division of the Cuyahoga County Common Pleas Court.
 {¶ 9} The relevant part of Loc.R. 19(A) requires that "Any motion requesting a modification (increase or decrease) of an existing * * * spousal support order shall set forth * * * the reasons for requesting modification."
 {¶ 10} Appellant's motion to modify spousal support included an affidavit that stated the reason for requesting modification as a "change in circumstances." Appellee, in her motion to strike, argued that Loc.R. 19(A) and Ohio Civ.R. 7(B)(1) require more than the claim of a change in circumstances. We agree.
 {¶ 11} The caption "motion to modify" in appellant's motion implies that circumstances have changed. Local Rule 19(A) requires the movant to identify the reasons for requesting modification. The phrase in Loc.R. 19(A) requiring "the [motion and/or affidavit] shall set forth * * * the reasons for requesting the modification * * *" would be rendered meaningless if this court found the vague phrase "change in circumstances" sufficient to satisfy the rule.
 {¶ 12} A motion to modify is filed because of a change in circumstances. In accordance with the parties' judgment entry of divorce, there were three events involving appellee that could trigger the termination of spousal support that appellant was seeking: death, remarriage, or co-habitation by appellee with a male not her relative. Appellant listed none of those reasons in his affidavit. Further, he provided no specificity as to the "change of circumstances" that would warrant a modification short of termination.
 {¶ 13} Appellant's attempt to correct this was in the form of a motion for leave to file an amended motion to modify. The record reflects the trial court did not rule on appellant's motion for leave. That issue is not before this court.
 {¶ 14} Appellant's assertion that the trial court's striking of appellant's motion to modify leaves him with no legal recourse is not consistent with appellant's existing and continuing right to file subsequent motions to modify as circumstances permit.
 {¶ 15} Nicewicz v. Nicewicz (Feb. 9, 1995), Franklin App. No. 94APF06-956, relied on by appellant, deals with an alleged failure to specify grounds for a modification of parental rights in an affidavit attached to a motion to modify allocation of parental rights. The court overruled that assignment of error finding sufficient detail in the affidavit to support the motion. Id. The affiant in Nicewicz provided more than the phrase "change of circumstances" as reasons for requesting a modification of the allocation of parental rights. Id. The affidavit inNicewicz included facts about an impending move affecting the child involved and statements about the child's best interests being served by the granting of the requested change in custody. Id. There is no such detail in appellant's affidavit.
 {¶ 16} We find that the trial court had sufficient grounds to strike appellant's motion to modify spousal support. Since the motion to strike was properly granted, the issue of applying the modification retroactively to the original date of filing is no longer an issue in the case.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and FRANK D. CELEBREZZE, JR., J. concur.