DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Rodney A. Webber has appealed from his convictions of attempted rape and gross sexual imposition in the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} On July 29, 1999, the Lorain County Grand Jury returned an indictment against Appellant wherein he was charged with one count of attempted rape, in violation of R.C. 2923.02(A) and R.C.2907.02(A)(2); one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1); and one count of sexual imposition, in violation of R.C. 2907.06(A)(3). The attempted rape and gross sexual imposition charges stemmed from contact Appellant had with his step-son J.B. The sexual imposition charge stemmed from contact Appellant had with his step-son K.B.
 {¶ 3} A two day trial began on April 2, 2001. On the first day of trial, the State filed a Motion in Limine. In its motion, the State told the trial court that K.B. had been adjudicated a juvenile delinquent and that his adjudication had resulted in certain members of his family attending family counseling. Those members included Appellant, K.B., J.B., and Diane Villafane ("Villafane"), the mother of J.B. and K.B. The State argued that because K.B. was not slated to testify at Appellant's trial, his adjudication was irrelevant and inadmissible. The trial court agreed and ruled that K.B.'s juvenile adjudication was not admissible for any purpose and prohibited defense counsel from raising the issue in "any way, shape, form or fashion."
 {¶ 4} Testimony presented at trial revealed the following relevant facts. Appellant and Villafane were married in 1983 and divorced in 1995. Villafane had four children from a previous marriage, which included J.B. and K.B. She and Appellant had two children as issue of their marriage. J.B. testified that Appellant attempted to rape him at some point in 1991-1992. J.B. also testified that at about this same time, Appellant placed his erect penis in J.B.'s hand and near J.B.'s mouth while J.B. was sleeping.
 {¶ 5} At the conclusion of the trial, Appellant was found guilty of the attempted rape and gross sexual imposition charges involving J.B. He was found not guilty of the sexual imposition charge involving K.B. Appellant was sentenced to a term of seven to fifteen years in prison on the attempted rape charge and one-and-a-half years on the gross sexual imposition charge. The sentences were to be served concurrently. Appellant was also adjudicated a sexual predator and advised of his obligation to register as such.
 {¶ 6} Appellant has timely appealed his convictions, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court abused its discretion to the prejudice of the appellant by multiple rulings excluding evidence relevant to the credibility of the allegaitons and a complaining witness."
 {¶ 7} In his sole assignment of error, Appellant has argued that the trial court abused its discretion when it refused to allow him to fully cross-examine J.B. and Villafane regarding J.B.'s participation in family counseling and access to a counselor when the sexual abuse by Appellant occurred. He has further argued that the trial court abused its discretion when it refused to allow him to testify directly about his participation in the family counseling. We disagree.
 {¶ 8} As a preliminary matter, we note that the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. See State v. Allen (1995),73 Ohio St.3d 626, 633. "This Court will not reverse the trial court's decision to admit or exclude relevant evidence absent an abuse of discretion." State v. Merryman, 9th Dist. No. 02CA008109, 2003-Ohio-4528, at ¶ 32. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) State v. Bresson (1990),51 Ohio St.3d 123, 129. A reviewing court may not merely substitute its judgment for that of the trial court when applying the abuse of discretion standard. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 9} The right to cross-examine witnesses at trial is included in the right of an accused in a criminal case to confront the witnesses against him as secured by theSixth Amendment to the United States Constitution. State v. Amore,
9th Dist. No. 03CA008281, 2004-Ohio-958, at ¶ 17; see, alsoPointer v. Texas (1965), 380 U.S. 400, 85 S.Ct. 1065,13 L.Ed.2d 923. As to juvenile adjudications, "[e]vidence of juvenile adjudications is not admissible except as provided by statute enacted by the General Assembly." Evid.R. 609(D). R.C.2151.358(H) states that during any court action or proceeding, evidence of a judgment made against a juvenile offender cannot be admitted against the juvenile offender so as to impeach the juvenile's credibility. State v. Pratt (Oct. 8, 1997), 9th Dist. No. 18044, at 6; see, also, R.C. 2151.358(H).
 {¶ 10} In support of his argument that the trial court abused its discretion in the instant matter, Appellant has argued that the trial court violated his Sixth Amendment right to confront witnesses against him when it refused to allow him to fully cross-examine J.B. and Villafane regarding J.B.'s participation in counseling at the time the sexual abuse by Appellant occurred. Appellant has further argued that he was attempting to prove that J.B. had ample opportunity to disclose the sexual abuse to a counselor and failed to do so, thus calling J.B.'s credibility into question. In response, the State has argued that Appellant was attempting to cross-examine J.B. and Villafane about K.B.'s adjudication as a juvenile delinquent, and that such questioning was irrelevant and impermissible pursuant to both Evid.R. 609(D) and R.C. 2151.35(H).
 {¶ 11} In the instant matter, the record reveals that J.B. testified for the State. He testified to the events that constituted the attempted rape and gross sexual charges against Appellant. When defense counsel began to cross-examine J.B. about K.B.'s adjudication as a juvenile offender and the family counseling that followed, the following colloquy took place:
"[Defense Counsel]: Was there ever a time when — in the early `90s when you and your family were in sex counseling?
"[J.B.]: Was I? I can't — I didn't go. I mean, I'm sure they did talk to us a couple times.
"[Defense Counsel]: So you were in counseling in the early `90s?
"[J.B.]: Over some other things, some different stuff.
"[Defense Counsel]: Over what other things? Did it have to do with your brother?
"[The State]: Objection. Objection.
"[The Court]: The Question is whether or not he was in counseling. He can answer that.
"[Defense Counsel]: So you were in counseling, right, with your family?
"[J.B.]: It wasn't counseling, it was, like, a one or two session type thing.
"[Defense Counsel]: So it was short counseling then?
"[J.B.] It was very short. I mean, I would say.
"[Defense Counsel]: And these issues had to do with your brother, didn't they?
"[The State]: Objection. Can we approach?
"* * *
"[Defense Counsel]: Was the counseling at a place called Stepping Stone?
"[The State]: Objection.
"[The Court]: Sustained.
 {¶ 12} Contrary to Appellant's argument, this testimony clearly reveals that the trial court did not preclude Appellant from cross-examining J.B. regarding J.B.'s participation in counseling. To the contrary, the trial court clarified that J.B. could and should answer questions about his own participation in counseling. The only objections sustained by the trial court were those about K.B.'s juvenile adjudication and K.B.'s participation in counseling. We fail to see how testimony regarding K.B., a non-testifying juvenile delinquent, was relevant to Appellant's defense or permissible pursuant to Evid.R. 609(D) or R.C.2151.358(H). Furthermore, the trial court did not preclude Appellant from asking J.B. questions about J.B.'s participation in counseling and access to a counselor at the time Appellant's sexual abuse occurred. Instead, defense counsel chose to drop the issue of counseling without asking J.B. any specific questions about his access to counselors or his failure to disclose the sexual abuse by Appellant.
 {¶ 13} As a result, we find that the trial court did not preclude Appellant from fully cross-examining J.B. when it ruled that Appellant could not question J.B. about K.B.'s adjudication as a juvenile offender. The trial court's evidentiary rulings did not violate Appellant's Sixth Amendment right to confront witnesses against him at trial, and such rulings do not constitute an abuse of discretion.
 {¶ 14} Turning next to Villafane's testimony, the record reveals that when asked about the family counseling on cross-examination, the following colloquy took place:
"[Defense Counsel]: So the family was in some type of counseling, right?
"[Villafane]: Right, that's — we were told to go to counseling, yes.
"[Defense Counsel]: And part of the counseling had to do with sex issues, didn't they?
"[Villafane]: No, it was marriage counseling [Appellant] and I had to go to.
"[Defense Counsel]: What about the rest of the family?
"[Villafane]: The rest of the children?
"[Defense Counsel]: Um-hum. Weren't they in some type of counseling?
"[The State]: Objection.
"[Villafane]: It was basically the adults, you know.
"[The State]: Objection, Your Honor.
"[The Court]: The objection is sustained."
 {¶ 15} This testimony clearly reveals that the trial court never precluded Villafane from testifying about J.B.'s participation in counseling or J.B.'s access to a counselor at the time the sexual abuse by Appellant occurred. Defense counsel asked her one vague question about "the children," which included K.B. The State's objection to this question was properly sustained. For whatever reason, defense counsel did not rephrase his question to Villafane and ask her about J.B.'s participation in counseling. J.B. had already testified that he did in fact participate in the counseling. Therefore, it is evident that J.B.'s participation in the counseling was an available line of questioning to defense counsel. Again, it appears from the record that defense counsel simply chose to drop the issue of counseling without asking Villafane any specific questions about J.B.'s access to a counselor or his failure to disclose Appellant's sexual abuse to a counselor.
 {¶ 16} As a result, we find that the trial court did not preclude Appellant from fully cross-examining Villafane. The trial court's evidentiary rulings did not violate Appellant'sSixth Amendment right to confront witnesses against him at trial, and such rulings do not constitute an abuse of discretion.
 {¶ 17} Lastly we turn to Appellant's argument that he was denied the opportunity to fully testify on his own behalf. He has argued that the trial court refused to allow him to testify about his participation in the family counseling that took place after K.B. was adjudicated a juvenile delinquent. The record reveals that Appellant took the stand in his own defense and presented the following testimony on direct examination:
"[Defense Counsel]: Did the family ever have counseling together for sex issues?
"[Appellant]: Yes, in 1991 and '92 we had counseling for — sexual counseling. [K.B.] was in —
"[The State]: Objection.
"[The Court]: Sustained.
"[Appellant]: Can I ask a question of you?
"[The Court]: [Defense Counsel], you —
"[Defense Counsel]: Yes, you can continue.
"[Appellant]: How I want to say it is, what they were — at the time, because they were seen by children Services about sexual contact to —
"[The State]: Objection.
"[Appellant]: — them —
"[The Court]: Mr. — Sustained. [Defense Counsel], find another line.
"[Defense Counsel]: Thank you, Your Honor. So you talked to — about sex with counselors, it was an open subject?
"[Appellant]: Yes.
 {¶ 18} This testimony clearly reveals that Appellant was not precluded from testifying on his own behalf about his participation in family counseling. The State did not even raise an objection to defense counsel's question to Appellant about Appellant's conversations with counselors about sex. There is no indication that the trial court precluded Appellant from discussing his participation in counseling; defense counsel simply did not ask Appellant specific questions about his participation in counseling. The only testimony the trial court prohibited was that which dealt with K.B. Again, we fail to see how precluding testimony regarding K.B., a non-testifying juvenile delinquent, was relevant to Appellant's defense or permissible pursuant to Evid.R. 609(D) or R.C. 2151.358(H).
 {¶ 19} In sum, this Court concludes that the trial court did not abuse its discretion when it precluded Appellant from introducing evidence, through the cross-examination of J.B. and Villafane, that K.B. was adjudicated a juvenile delinquent. We further conclude that the trial court did not abuse its discretion when it precluded Appellant from introducing evidence through his own testimony that K.B. was adjudicated a juvenile delinquent. As such, Appellant's sole assignment of error lacks merit.
 III {¶ 20} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., concur.