THE CITY OF KANSAS CITY v. MYRTLE KIRKHAM.

**No. 655.*** (59 Pac. 675.)

1. JURORS—*Action against City—Resident Taxpayer.* A resident taxpayer of an incorporated city is not a qualified juror in an action for personal damages against the city, and a challenge thereto by either party should be sustained.

2. ——— *Talesman—Previous Service.* A person who has previously served as a juror in a court of record within a year, as a talesman, is disqualified, and a challenge thereto should be sustained.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed January 4, 1900. Reversed.

*T. A. Pollock*, and *F. D. Hutchings*, for plaintiff in error.

*Angevine & Cubbison*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: The defendant in error, as plaintiff below, recovered a judgment against the plaintiff in error for $500 for damages alleged to have been sustained by her by reason of her ankle being sprained, dislocated and broken while attempting to cross one of the streets of said city, said injury being claimed to have been caused by the negligence and carelessness of the plaintiff in error.

The first question we shall consider is as to the qualifications of Harshberger, McCoy and Betts as jurors. Harshberger was a taxpayer of the defendant city and all three had been selected as talesmen

---

* Petition for order to certify denied by supreme court March 5, 1900.—REP.

and served as jurors within a year.  McCoy and Betts were not taxpayers.

The defendant in error says :

" The plaintiff in an action against a city can challenge a juror on the ground of being a taxpayer, because the suit is against the taxpayers and the juror is directly interested in the result, . . . but the city cannot challenge a taxpayer for that reason."

We do not think this is a correct statement of the law. The statute disqualifies any person who has an interest in the cause from sitting as a juror in the trial thereof, and the supreme court has repeatedly held that a resident taxpayer of a city is incompetent under this provision where the city is being sued, and there is nothing in the statute to indicate that this disqualification can be taken advantage of by but one party. We think that, where an absolute right of challenge is given without limitation, either party may exercise said right without any investigation as to the probable bias of the juryman.

The next question is, Does the statute disqualify a person who has served upon a jury as a talesman within a year from again serving upon a jury?  It is contended by the defendant in error that the only disqualification provided by law for former jury service is that part of section 280 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4533), which reads :
"Or any person who shall have served once already on a jury as a talesman on the trial of any cause in the same court during the term."  The plaintiff in error insists that, under section 3, chapter 94, General Statutes of 1897 (Gen. Stat. 1899, § 3681), these jurors were disqualified.  Said section reads :

" In making such selections, each person who shall have served as a juror in any capacity at any term of

court during the year next preceding such selection shall be excluded from the list of jurors for the then ensuing year ; and if any such person shall be selected or drawn, it shall be the duty of the court to which such jurors shall be summoned to strike the names of such persons from the list of jurors; and it shall be good cause of challenge to any juror that such juror shall have served as a juror in any court of record during the year next preceding such selection. . . ."

This section was passed several years after the one previously quoted from, and it seems to us to be clearly intended to disqualify for jury service any one who has actually served as a juror in any capacity in any court of record during the year preceding the selection of the list for that term. For these errors the judgment will be reversed and a new trial directed, without discussing the remaining allegations.