Day, J.
 

 Before considering alleged grounds of error, it must first be determined whether the state of this record was such that the bill of exceptions disclosed the errors upon which the Court of Appeals based its judgment of reversal.
 

 Plaintiffs in error contend that a reviewing court in a case where none of the evidence is made a part of the bill of exceptions, and no findings of fact are made, may not find prejudicial error in the charge of the court, and therefore enter a judgment of reversal,
 

 It is to be remembered that the errors complained of appear in the impaneling of the jury, in charge before argument, and in charge after
 
 *182
 
 argument, and the bill of exceptions sets out such matter in detail.
 

 While the evidence taken in the case is not set out at length, the record discloses as follows:
 

 “And be it further remembered that thereupon the plaintiff introduced evidence tending to maintain the issues upon her part to be maintained, and each of the defendants introduced evidence tending to maintain the issues upon their respective parts to be maintained.”
 

 It thus affirmatively appears that each party to the case introduced some evidence upon each branch of the case, tending to support the claims of the respective parties.
 

 Now, the errors complained of involve, as above indicated, the impaneling of the jury and the charge of the court both before and after argument.
 

 These three points involve questions of law only, to wit, whether the court transcended its power in the impaneling of the jury; and whether the court correctly gave instructions as to propositions of law involved upon the issues tendered.
 

 We think no detailed statement of the evidence was necessary so long as the bill of exceptions showed that evidence was introduced by both parties to maintain the issues claimed, and are of opinion, therefore, that the Court of Appeals had a sufficient record before it, upon which it was entitled to render a judgment of reversal or affirmance, as the law of the case required; the weight of the evidence not being involved.
 

 This brings us, therefore, to the first alleged ground of error, to wit, the question of ftie interest
 
 *183
 
 of the proposed juror, who was a taxpayer, whether or not his retention by the court over the challenge of the plaintiff below was in violation of Section 11437, General Code, subd. 2, controlling the selection of jurors in civil cases.
 

 So much of that section as is pertinent reads:
 

 “The following shall be good causes for challenge to any person called as a juror for the trial of any cause: * * *
 

 “(2) That he has an interest in the cause.”
 

 It is to be noted that this record discloses that the jurors expressed themselves as being able to render a fair and impartial verdict, regardless of the fact that some of them were taxpayers of the city of Kenton.
 

 Section 11438, General Code, provides:
 

 “Any petit juror may be challenged also on suspicion of prejudice against, or partiality for either party, . * * or other cause that may render him at the time an unsuitable juror. The validity of such challenge shall be determined by the court, and be sustained if the court has any doubt as to the juror’s being entirely unbiased.”
 

 Much is necessarily confided to the trial judge in the conduct of a trial, and in the interpretation of a statute showing the qualification of a juror, in determining whether or not he has an interest in the cause, such as would disqualify him. The abuse of this discretion by the trial judge must clearly appear. Both in civil and criminal cases jurors have been permitted to sit who had formed an opinion touching the case from reading newspapers, yet who believed that they could render
 
 *184
 
 an impartial verdict on the law and the evidence.
 
 Cooper
 
 v.
 
 State,
 
 16 Ohio St., 328. As to what constitutes interest of a judge or juror, see
 
 Comm’rs. of Clermont County
 
 v.
 
 Lytle, 3
 
 Ohio St., 289, 290;
 
 Probasco
 
 v.
 
 Raine, Auditor,
 
 50 Ohio St., 378, 392, 34 N. E., 536.
 

 In other jurisdictions the question has not been harmoniously decided, and while the statutes of the various states are not verbatim with that of Ohio, yet the provisions as to the interest of the juror, bearing upon the question of his bias and prejudice by reason of being a taxpayer, are substantially the same.
 

 The consensus of opinion seems to be that, if a juror on inquiry should say that he has an interest by reason of which he would not be able to render a fair and impartial verdict, he is thereby disqualified; but, if his interest by reason of being a taxpayer is not such as would affect his verdict, and if, regardless of the fact of being a taxpayer, he could listen to the evidence and render a fair and impartial verdict, under the instructions of the court as to the law, then such proposed juror is not disqualified.
 

 As sustaining that view the following decisions of various states may be enumerated:
 
 City of Marshall
 
 v.
 
 McAllister,
 
 18 Tex. Civ. App., 159, 43 S. W., 1043, Syl., 4;
 
 Omaha
 
 v.
 
 Cane,
 
 15 Neb., 657, 20 N. W., 101;
 
 Rathbun
 
 v.
 
 Thurston County,
 
 8 Wash., 238, 35 P., 1102, 1103;
 
 Eastman
 
 v.
 
 Board of Comm’rs. of Burke Co.,
 
 119 N. C., 505, 26 S. E., 39, Syl.;
 
 Mayor of City of Jackson
 
 v.
 
 Pool,
 
 91 Tenn., 448, Syl. 1, 19 S. W., 324;
 
 City of Detroit
 
 v.
 
 *185
 

 Detroit Ry. Co.,
 
 134 Mich., 11, 95 N. W., 992, 99 N. W., 411, 104 Am. St. Rep., 600;
 
 Commonwealth
 
 v.
 
 Brown,
 
 147 Mass., 585, 18 N. E., 587, 1 L. R. A., 620, 9 Am. St. Rep., 736.
 

 The following states are contra:
 
 Broadway Mfg. Co.
 
 v.
 
 Leavenworth Terminal Ry. & Bridge Co.,
 
 81 Kan., 616, 106 P., 1034, 28 L. R. A., (N. S.), 156;
 
 Elliott v. Wallowa County,
 
 57 Or., 236, 109 P., 130, Arm Cas., 1913A, 117;
 
 Cason
 
 v.
 
 Ottumwa,
 
 102 Iowa, 99, 71 N. W., 192;
 
 Kansas City
 
 v.
 
 Kirkham,
 
 9 Kan. App., 236, 59 P., 675;
 
 Robinson
 
 v.
 
 Mayor of Wilmington,
 
 8 Houst. (Del.), 409, 32 A., 347;
 
 McGinty
 
 v.
 
 Keokuk,
 
 66 Iowa, 725, 24 N. W., 506;
 
 City of Goshen
 
 v.
 
 England,
 
 119 Ind., 368, 21 N. E., 977, 5 L. R. A., 253.
 

 In the light of the provisions of the General Code of this state, and the construction heretofore given the statutes with reference to the qualification of jurors, both in civil and criminal cases, we have reached the conclusion that if a proposed juror otherwise qualified expresses himself as being able to render a fair and impartial verdict on the evidence and under instructions of the court as to the law, regardless of the fact that he is a taxpayer in a municipality which may be a party to an action, and the trial court is satisfied that the proposed juror is entirely unbiased and has no prejudice against or partiality for either party by reason of being a taxpayer, and overrules an objection to said juror upon such ground, and permits him to serve as a juror in the case, such action of the trial judge should not be reversed for error in so doing.
 

 
 *186
 
 We come now to the second alleged error, to wit, the request before argument made by the defendants below, which request the court gáve to the jury over the objection and exception of plaintiff; such request being as follows:
 

 “This is an action brought by the plaintiff for damages on account of the alleged negligence of the defendants, and the burden of proving that she could not by the exercise of ordinary care have avoided the consequences of such negligence is on the plaintiff.”
 

 Was the giving of such request error?
 

 The presumption of the law is that neither party was negligent, and the negligence in the' case of either was a question of proof. Contributory negligence is an affirmative defense, and the burden of showing the same is upon the party alleging the defense; but, if plaintiff’s own testimony in support of his cause of action raises a presumption of his own contributory negligence, the burden rests upon him to remove that presumption before he can recover.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Whitacre,
 
 35 Ohio St., 627.
 

 The effect of the request, as given, was to place the burden of disproving contributory negligence upon the plaintiff. The request omits the doctrine of requiring proof by plaintiff of her freedom from contributory negligence
 
 only
 
 in the event that her testimony raises the presumption of negligence on her part. Until the state of the evidence was such, there was no burden upon the plaintiff to prove that she was not negligent in the premises.
 

 This court, in
 
 Columbus Railway Co.
 
 v.
 
 Ritter,
 
 
 *187
 
 67 Ohio St., 53, at page 59, 65 N. E., 613, 614, in the opinion, says:
 

 “The court erroneously placed upon the plaintiff below the burden of disproving contributory negligence charged in the answer, as a part of her case in chief. Such has never been the law in this state.”
 

 The holding of the Court of Appeals that the giving of this request was erroneous was correct.
 

 Finding that the conclusion of the Court of Appeals upon the remaining ground of claimed error was not erroneous, its judgment of reversal is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Allen and Kinkade, JJ., concur.
 

 Jones, J., concurs in the syllabus and in the judgment.
 

 Robinson, J., concurs in proposition 2 of the syllabus and in the judgment.