### BOWMAN v DELANEY

Ohio Appeals, 6th Dist, Lucas Co

No 2747. Decided March 20, 1933

Alonzo G. Duer, Toledo, and M. O. Rettig, Toledo, for plaintiff in error.

Rupp & Hahn, Toledo, for defendant in error.

**LLOYD, J.**

The only alleged error of which Bowman complains is the refusal of the trial court to receive in evidence exhibit 1, attached to the bill of exceptions. The cause of action of Bowman is based on §10869, GC, which provides in substance that after a creditor is entitled by law to the payment of his debt from the executor or administrator, and the amount of the claim has either been admitted to be just or allowed by them, the bond given by them for the discharge of their trust may be put in suit by such creditor if the executor or administrator shall neglect, upon demand made by such creditor, to pay such claim.

Bowman seeks to compel one of the sureties on the bond to pay a claim which he alleges the administrator had admitted to be just and had allowed as a valid claim against the estate and the time within which such an action must be brought is not limited by the statutory time within

which an action against an executor or administrator on a rejected claim must be commenced.

Exhibit 1 was an official statement filed in the Probate Court and, it appearing from the bill of exceptions that there was evidence tending to prove that one of the items in the schedule of liabilities referred to Bowman's claim, was competent evidence as bearing upon the question of whether or not Bowman's claim had been allowed by the administrator. If authority for this conclusion is necessary, it is forthcoming in **Smock v Bouse, 12 C. C., 46**, where it is stated at page 51 of the opinion, that setting up a claim in a petition of an administrator to sell real estate to pay debts as one of the debts of the estate, is record evidence of the allowance of that claim.

Defendant also contends

"that even an erroneous exclusion of the exhibit complained of would not have prejudiced the plaintiff."

for the reason that the allegation of the plaintiff that the claim had been allowed

"is not only denied by defendant but defendant further pleads repeated rejections of said claim subsequent to the date of the alleged allowance."

The theory of the defendant is that these allegations of denial of the allowance of Bowman's claim and the subsequent rejections thereof as pleaded, create two issues of fact for the consideration of the jury, and that since the jury returned a general verdict the rule announced in **Sites v Haverstick, 23 Oh St, 626** and **McAllister v Hartzell, 60 Oh St, 69**, applies, and the non-admission in evidence of exhibit 1 was therefore not prejudicial.

My personal conclusion is that this theory is based upon a false premise. Bowman alleges that his claim was allowed by the administrator as a valid claim. The defendants deny this allegation of the petition and, in effect, affirmatively plead the evidential facts upon which the denial is based. Proof of these alleged facts, like proof of any other contradictory facts, not constituting an affirmative defense the burden of proving which is upon the defendant, refute the facts pleaded by the plaintiff in his petition and which must be proved to maintain his cause of action. Bowman's claim either was allowed or it was rejected. As I view it, the pleadings create a single issue as to this disputed fact.

However this may be, the bill of exceptions, a part of which is hereinabove quoted, recites that

"plaintiff offered * * * and the court received in evidence testimony * * * tending to prove each and every allegation of the petition"

and that

"the defendant, Theresa Delaney, offered and the court received in evidence testimony tending to disprove the allegations of plaintiff's petition and tending to prove that the claim of the plaintiff was rejected",

thus recognizing and affirmatively showing, as far as the evidence is concerned, a single issue of fact, it not appearing that any evidence was offered tending to show an allowance of the claim and subsequent rejections thereof. The rule announced in the above cited cases therefore has no application to the question here in controversy. The verdict in the instant case, like that commented on in **Railway Co. v Masterson, 126 Oh St, —**, Ohio Bar, February 6, 1933, recites that the jury "found in favor of the defendant," not that it finds for her "on the issues joined," which is another reason why, as said by the Supreme Court that "the two-issue rule would not apply." It also has been suggested that since the bill of exceptions does not contain all of the evidence but recites only what it tends to prove, the rejection of exhibit 1, if error, was not prejudicial. The Supreme Court has said that

"where it affirmatively appears that each party to the case introduced some evidence upon each branch of the case tending to support the claims of the respective parties * * *, no detailed statement of the evidence was necessary."

**Maddex v Columber, 114 Oh St, 178.**

"In such case, where there is error in the rejection of evidence or in the charge of the court, it will be presumed that it was prejudicial error."

**Meek v Pennsylvania Co., 38 Oh St, 632, 639.**

Our conclusion being that the rejection of Exhibit 1 was prejudicial error, the judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial.

RICHARDS, J, concurs.