Williams, J.
 

 The Court of Appeals reversed the trial court’s judgment on the sole ground that the court committed prejudicial error in failing to charge the jury upon the principle that if plaintiff’s evidence raises a presumption of contributory negligence on his part, then before the plaintiff could recover this presumption must be dispelled by evidence of at least equal weight.
 

 The sole query here is: Is the ruling sound?
 

 There is no question that, except for this omission, the trial court charged the jury fully upon the defense
 
 *289
 
 of contributory negligence. Counsel did not call tbe court’s attention to the omission, or request instructions on tbe omitted principle, either before or after argument, or specifically except to tbe failure to charge further.
 

 At tbe conclusion of tbe charge the court stated: “Do counsel for tbe defendant think of any subject that tbe court should touch upon that be has not touched upon?” Counsel for defendant answered in tbe negative. Tbe trial court then turned to tbe jury and said: “I do believe that I have given you instructions upon tbe law upon every conceivable theory of facts that may be necessary as presented by tbe issues in this case. You may retire to your jury room and proceed with your deliberations'.”
 

 Counsel for defendant then said: “Tbe defendant excepts to tbe general charge of tbe court and specifically excepts to each and every part thereof.”
 

 Tbe principle that tbe plaintiff, before be can recover, must remove a presumption of contributory negligence arising from bis evidence was declared in Ohio law at least as early as in tbe case of
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Whitacre,
 
 35 Ohio St., 627. Tbe rule has been explained and qualified in later decisions of this court and, in determining its proper application, must be considered in tbe light of tbe many decisions relating to tbe negligence of plaintiff as a factor directly contributing to bis injury and damage. It is well settled that contributory negligence is an affirmative defense.
 
 Knisely
 
 v.
 
 Community Traction Co.,
 
 125 Ohio St., 131, 136, 180 N. E., 654;
 
 Maddex
 
 v.
 
 Columber,
 
 114 Ohio St., 178, 186, 151 N. E., 56;
 
 Buell, Ádmx.,
 
 v. New
 
 York Central Rd. Co.,
 
 114 Ohio St., 40, 50, 150 N. E., 422;
 
 Bradley
 
 v.
 
 Cleveland Ry. Co.,
 
 112 Ohio St., 35, 38, 146 N. E., 805;
 
 Makranczy
 
 v.
 
 Gelfand, Admr.,
 
 109 Ohio St., 325, 338, 142 N. E., 688; and that tbe burden of
 
 *290
 
 proving contributory negligence is upon tbe defendant.
 
 Knisely
 
 v.
 
 Community Traction Co., supra; Bradley
 
 v.
 
 Cleveland Ry. Co., supra; Maddex
 
 v.
 
 Columber, supra; Glass
 
 v.
 
 William Heffron Co.,
 
 86 Ohio St., 70, 98 N. E., 923;
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 Schweinfurth, Admr.,
 
 v.
 
 C., C., C. & St. L. Ry. Co.,
 
 60 Ohio St., 215, 54 N. E., 89;
 
 Baltimore & Ohio Bd. Co.
 
 v.
 
 Whitacre, supra.
 

 Like other affirmative defenses contributory negligence must be made out by a preponderance of tbe evidence and tbe burden of proof does not shift.
 
 Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St., 307, 316, 160 N. E., 898, 58 A. L. R., 1476;
 
 Schweinfurth, Admr.,
 
 v.
 
 Railway Co., supra.
 

 It is not necessary to dispel a presumption of contributory negligence, arising from plaintiff’s evidence, by a preponderance of tbe evidence; but it is sufficient if tbe presumption is dispelled by evidence of equal weight.
 
 Tresise
 
 v.
 
 Ashdown, supra.
 

 It is a well settled principle that each party is entitled to tbe benefit of evidence in bis' favor no matter which party offers it. This principle applies here. If tbe presumption is' dispelled by' evidence adduced, no more is required.
 
 Smith
 
 v.
 
 Lopa,
 
 123 Ohio St., 213, 174 N. E., 735.
 

 It is evident that tbe presumption referred to in tbe cases cited is not a presumption of law but a presumption of fact, or, as is often called, an inference. Under tbe authorities, if tbe plaintiff’s evidence raised a presumption of contributory negligence, the jury could not return a verdict in his' favor unless it found that the presumption bad been overcome by opposing evidence of equal or greater weight, for it must be recognized that, if such a presumption is dispelled by evidence of equal weight,
 
 a fortiori
 
 it is overthrown by evidence of greater weight. However, as stated, evi
 
 *291
 
 dence of equal weight is all that is required to destroy the presumption.
 

 If counsel for defendant had submitted a request to .charge upon this phase of the case, clothed in appropriate language, it would have been the duty of the trial court to give it; but,. since no such request was made, and the charge as'given was accurate and not misleading, the defendant has no just complaint as to the failure to give further instructions. If there was error at all, it was unprejudicial error of omission and not in any sense error of commission.
 
 Columbus Ry. Co.
 
 v.
 
 Ritter, supra; State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 450, 103 N. E., 136;
 
 New York Life Ins. Co.
 
 v,
 
 Hosbrook,
 
 130 Ohio St., 101, 105, 196 N. E., 888.
 

 The Court of Appeals committed prejudicial error in reversing the judgment of the Court of Common Pleas; therefore, the judgment of that court is reversed and that of the Common Pleas Court affirmed.
 

 Judgment of Court of Appeals reversed and that of Common Pleas Court affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Myers and Gorman, JJ., concur.