BERK ET AL., APPELLEES, *v.* MATTHEWS, APPELLANT.

[Cite as Berk *v.* Matthews (1990), 53 Ohio St. 3d 161.]

(No. 89-212—Submitted February 7, 1990—Decided August 29, 1990.)

162

"*

*Charles Kampinski Co., L.P.A.,* and *Charles Kampinski,* for appellees.
*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellant.

SWEENEY, J.

## I

It is the initial contention of appellant that the court of appeals erred in reversing the judgment below because a potential juror should have been removed for cause.[4] This court has previously observed that the decision to disqualify a juror for bias is a discretionary function of the trial court. See *Maddex* v. *Columber* (1926),

---

[4] The challenge was predicated upon R.C. 2313.42, which provides in relevant part:

"The following are good causes for challenge to any person called as a juror:

"* * *

"(J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.

"Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court."

114 Ohio St. 178, 183, 151 N.E. 56, 57. See, also, *State* v. *Bedford* (1988), 39 Ohio St. 3d 122, 128, 529 N.E. 2d 913, 920. Where a trial court is vested with such authority, reversal on appeal is justified only if its exercise thereof constitutes an abuse of discretion. See *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292, 294-295, 18 OBR 342, 344, 480 N.E. 2d 1112, 1114; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 218, 5 OBR 481, 482, 450 N.E. 2d 1140, 1141. In *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149, the applicable standard of review was defined as follows:

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *"

Consequently, when applying this standard, an appellate court is not free to substitute its judgment for that of the trial judge. See *Kunkle* v. *Kunkle* (1990), 51 Ohio St. 3d 64, 67, 554 N.E. 2d 83, 87; *Holcomb* v. *Holcomb* (1989), 44 Ohio St. 3d 128, 131, 541 N.E. 2d 597, 599; *Lorain City Bd. of Edn.* v. *State Emp. Relations Bd.* (1988), 40 Ohio St. 3d 257, 261, 533 N.E. 2d 264, 267; *Kaechele* v. *Kaechele* (1988), 35 Ohio St. 3d 93, 94, 518 N.E. 2d 1197, 1199.

In the case *sub judice,* the trial court had the opportunity to observe the demeanor of the prospective juror and evaluate firsthand the sincerity of her responses to questions. On nine separate occasions the juror assured the court and counsel for the parties that she could be fair and impartial and would follow the law as it was given to her by the judge.

In reversing the decision below rejecting the challenge for cause, the appellate court disregarded the assurances given by the juror and, in essence, substituted its judgment for that of the trial judge. By so doing, the court of appeals failed to apply the appropriate standard of review.

We therefore hold that the determination of whether a prospective juror should be disqualified for cause is a discretionary function of the trial court. Such determination will not be reversed on appeal absent an abuse of discretion.

II

The court of appeals further concluded that the decision of the trial court to respond to certain inquiries of the jury without the participation of counsel constituted reversible error. We disagree.

Although counsel had no opportunity for objection until after the jury was discharged, we must nevertheless conclude that appellees have failed to demonstrate that the trial court committed prejudicial error. We observe at the outset that the only post-verdict objection advanced by appellees relates to the trial court's response to the jury's question about the allocation of damages. The question and response thereto were as follows:

"Will the dollar amounts we put on Interrogatories #6 & #7 be awarded to plaintiff or does our 20%-80% verdict come into play?"

"The court will do computations if any. Your 20%-80% finding will come into play."

The response given by the trial court is wholly consistent with the charge given the jury before it began its initial deliberations. Moreover, even if this court were to indulge in the assumption of appellees that the response was confusing to the jury, it is beyond question that it had no effect on the outcome of the case. The jury concluded that appellant was twenty percent responsible for the injuries

sustained by appellee and that appellee was eighty percent responsible. This conclusion was the same both before and after the jury retired for further deliberations. The explanation given by the trial judge that any percentages assigned by the jury would have an effect on appellees' ultimate recovery was a correct statement of the law. However, the explanation was in response to a question concerning the total damages sustained by appellees. Whatever the final outcome may have been regarding the assessment of total damages by the jury, appellees' recovery would have been barred by the jury's previous percentage determination. Pursuant to R.C. 2315.19 (C), where a plaintiff's responsibility for her injuries exceeds fifty percent, recovery is denied. Accordingly, the jury's prior determination that appellee was eighty percent negligent was dispositive of the case.

Moreover, when the jury first returned answers to interrogatories disclosing that appellee was eighty percent negligent, the trial court was empowered to enter judgment for appellant. Civ. R. 49(B). Where there exists a conflict between the general verdict and the interrogatories, the trial court may determine that the answers to the interrogatories prevail. The jury initially returned verdict forms finding in favor of both appellant and appellees. While the trial court could have entered judgment for appellant at that point, it decided, over objection by appellant, to permit the jury to resume its deliberations. The jury thereafter returned a verdict in favor of appellant and consistent with its earlier responses to the interrogatories. Nevertheless, the trial court would have been free to reach a similar result based on the findings made by the jury *prior to the inquiries it directed to the court and prior to receiving the responses thereto.*

The judgment of the court of appeals is therefore reversed and the cause remanded for entry of judgment.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.