{¶ 81} Although I concur in the majority opinion with respect to assignment of error one and I concur with the result reached by the majority with respect to assignments of error two and four, I must respectfully dissent from the majority opinion inasfar as it overrules the third assignment of error since I find for the reasons stated below that the third assignment of error should be sustained and the judgment of the trial court should be reversed with respect to the issues tried.
 {¶ 82} The basic issues presented by the third assignment of error include the meaning and application of R.C. 2313.42 with respect to challenges for cause. R.C. 2313.42 provides that jurors shall be removed for cause upon challenge for each of some ten different reasons and then expressly provides that "[e]ach challenge listed in this section shall be considered as aprincipal challenge, and its validity tried by the court." (Emphasis added.) R.C. 2313.42 reads in its entirety as:
Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. A person is qualified to serve as a juror if he is an elector of the county and has been certified by the board of elections pursuant to section 2313.06 of the Revised Code. A person also is qualified to serve as a juror if he is eighteen years of age or older, is a resident of the county, would be an elector if he were registered to vote, regardless of whether he actually is registered to vote, and has been certified by the registrar of motor vehicles pursuant to section 2313.06 of the Revised Code or otherwise as having a valid and current driver's or commercial driver's license.
The following are good causes for challenge to any person called as a juror:
(A) That he has been convicted of a crime which by law renders him disqualified to serve on a jury;
(B) That he has an interest in the cause;
(C) That he has an action pending between him and either party;
(D) That he formerly was a juror in the same cause;
(E) That he is the employer, the employee, or the spouse, parent, son, or daughter of the employer or employee, counselor, agent, steward, or attorney of either party;
(F) That he is subpoenaed in good faith as a witness in the cause;
(G) That he is akin by consanguinity or affinity within the fourth degree, to either party, or to the attorney of either party;
(H) That he or his spouse, parent, son, or daughter is a party to another action then pending in any court in which an attorney in the cause then on trial is an attorney, either for or against him;
(I) That he, not being a regular juror of the term has already served as a talesman in the trial of any cause, in any court of record in the county within the preceding twelve months;
(J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.
Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court.
 {¶ 83} The basis for the challenge involved herein is division (E) of R.C. 2313.42 which provides one of the bases for a principal challenge for cause of a prospective juror is the fact "[t]hat he is the * * * parent * * * of the * * * employee * * * of either party[.]"
 {¶ 84} Here, the trial court found, and it is apparently undisputed, that at least two of the children of the challenged prospective juror were employees of defendant Bank One. The plain meaning of R.C. 2313.42(E) compels the conclusion that the prospective juror who is a parent of employees of the defendant should be removed for cause.
 {¶ 85} The trial court in apparent reliance upon decisions of some other Ohio District Courts of Appeals, found that, despite the fact the juror in question was the parent of at least two employees of defendant Bank One and, thus, subject to the principal challenge under R.C. 2313.42(E), the juror could nonetheless be seated and serve as a juror in the case because the juror stated he could be fair and impartial despite the relationship and the trial court believed that he could.
 {¶ 86} This, however, is not consistent with R.C. 2313.42
which provides that proof of the disqualification basis of any of the ten divisions of the section results in an automatic or per se disqualification of the prospective juror. There is no provision for rehabilitation of an otherwise disqualified prospective juror because he or she convinces the court that he or she can be fair and impartial despite the statutory disqualification.
 {¶ 87} Some Ohio District Courts of Appeals have held to the contrary. For example, the Ninth District Court of Appeals, inBell v. Babcock Wilcox Co. (Sept. 1, 1993), Summit App. No. 15887, stated that:
Moreover, if a prospective juror falls within one of the causes for challenge listed in R.C. 2313.42, he is not automatically excluded from the jury. The trial court can rehabilitate the prospective juror and determine that he can serve without bias, even if he falls under one of the "disqualification for cause" criteria. * * *
 {¶ 88} The Ninth District Court cited Berk v. Matthews
(1990), 53 Ohio St.3d 161, and R.C. 2313.42 as authority for its conclusion. However, neither Berk nor R.C. 2313.42 supports the Ninth District Court's statement. The syllabus of Berk holds expressly as follows:
The determination of whether a prospective juror should bedisqualified for cause pursuant to R.C. 2313.42(J) is a discretionary function of the trial court. Such determination will not be reversed on appeal absent an abuse of discretion. (Maddex v. Columber [1926], 114 Ohio St. 178, 151 N.E. 56, approved and followed.)
(Emphasis added.)
 {¶ 89} By this syllabus, the Ohio Supreme Court limited direct application of the ruling to division (J) of R.C. 2313.42
and did not extend it to other divisions of the statute, leaving open the question of whether the rule would be applicable to other divisions of R.C. 2313.42.
 {¶ 90} Although the Berk court approved and followedMaddex v. Columber (1926), 114 Ohio St. 178, the opinion inBerk explains the basis for following Maddex, stating in the first paragraph of the opinion by Justice Sweeney that:
* * * This court has previously observed that the decision to disqualify a juror for bias is a discretionary function of the trial court. See Maddex v. Columber (1926), 114 Ohio St. 178
* * *.
(Emphasis added.)
 {¶ 91} The words "for bias" indicate that the Berk court considered the objection under R.C. 2313.42(J) being expressly based upon whether the prospective juror could be a "fair and impartial juror" was to be determined by the rule applicable to challenge "for favor" rather than the rule applicable to a principal challenge although the opinion does not expressly discuss the issue other than the above reference to the challenge under consideration being "for bias."
 {¶ 92} In a similar, but slightly different context, the United States Supreme Court, in United States v. Wood (1936),299 U.S. 123, 135, observed:
* * * Challenges to the polls were either "principal" or "to the favor," the former being upon grounds of absolute disqualification, the latter for actual bias. The government quotes the statements of early commentators from Fitzherbert to Hargrave, indicating that a principal challenge was not allowed in crown cases upon the ground that the prospective juror was a servant of the crown, and that a challenge for that reason, if permitted at all, was to the favor. * * *
 {¶ 93} The Maddex court apparently considered the "interest" of a taxpayer in a negligence action against a municipal corporation, not to constitute the type of "interest" within the scope of R.C. 2313.42(B) disqualifying a person from serving on a jury if that person has "an interest in the cause." Id. at 183. This is consistent with the law of the later case ofState ex rel. Masterson v. Ohio State Racing Comm. (1954),162 Ohio St. 366, which held that a taxpayer has no capacity to act upon behalf of the state to challenge action of a state officer unless the taxpayer has or will suffer damage as the result of that illegal action. The Masterson opinion states that a taxpayer has no capacity to sue a public officer to prevent illegal expenditures of public funds unless the taxpayer suffers damage different in character from that sustained by the public generally. Masterson was recently cited with approval in Satowv. Columbiana Cty. Budget Comm., Columbiana App. No. 04-CO-13,2005-Ohio-5312.
 {¶ 94} Although the Berk syllabus approves and followsMaddex, it is not clear whether the Maddex decision is based upon a determination that the "interest" of the taxpayer was not of a nature included within the meaning of "interest" under R.C.2313.42(B). The Maddex opinion made specific reference to decisions of other states defining the interest necessary to be included within the meaning of the "interest" disqualifying a person from serving on a jury in a cause. The Maddex opinion also states that "[m]uch is necessarily confided to the trial judge in the conduct of a trial, and in the interpretation of a statute showing the qualification of a juror, in determining whether or not he has an interest in the cause, such as would disqualify him." Id. at 183. Taxpayers are not a class specifically excluded from serving on a jury by R.C. 2313.42.
 {¶ 95} Furthermore, the Ninth District Court not only applied the abuse of discretion standard, but also applied a standard not mentioned, much less decided, by Berk, namely the finding of law that a prospective juror disqualified by an express provision of R.C. 2313.42 can be "rehabilitated" by the trial court if it finds that the juror "can serve without bias" despite the R.C.2313.42 statutory disqualification. That issue was neither raised nor decided in Berk.
 {¶ 96} Moreover, the proposition that a prospective juror disqualified by one of the express provisions of R.C. 2313.42 can be rehabilitated by a trial court finding that he can serve without bias despite the statutory disqualification is inconsistent with the express mandate of R.C. 2313.42 that "[e]ach challenge listed * * * shall be considered as a principal challenge[.]" A principal challenge is one that disqualifies a juror for cause per se, and there is no issue remaining as to whether the prospective juror is biased. "A `principal cause of challenge' is so called because, if it be found true, it stands sufficient of itself, without leaving anything to the conscience or discretion of the triers, or it is grounded on such a manifest presumption of partiality, that, if found to be true, it unquestionably sets aside the juror." Words and Phrases (1971) 33A, at 291, citing Reynolds v. United States (1878),98 U.S. 145.
 {¶ 97} In Wood, at 138, the United States Supreme Court quoted Blackstone's Commentaries and statement of the grounds of a principal challenge, as follows:
"A principal challenge is such, where the cause assigned carries with it prima facie evident marks of suspicion, either of malice or favour; as, that a juror is of kin to either party within the ninth degree; that he has been arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a juror in the same cause; that he is the party's master, servant, counselor, steward, or attorney, or of the same society or corporation with him: all these are principal causes of challenge; which, if true, cannot be overruled, for jurors must be omni exceptione majores." 3 Bl.Com. 363.
 {¶ 98} Blackstone wrote that a principal challenge constitutes a per se disqualification of the prospective juror. In Dew v. McDivitt (1876), 31 Ohio St. 139, the Ohio Supreme Court reached a similar conclusion, holding in the first paragraph of its syllabus that "[o]n the trial of the validity of a challenge alleged against a juror, other than a principalcause of challenge, a sound discretion is allowed to the court." (Emphasis added.) The Dew court thus indicated that the abuse of discretion standard does not apply to a principal challenge. The Dew court opinion in the first paragraph clearly stated that it was not contended that a principal challenge for cause existed and that the ground of the challenge was "for favor."
 {¶ 99} However, even if the abuse of discretion standard is applied to the other divisions of R.C. 2313.42, the result reached by the trial court will not follow. Upon trial of a principal challenge, the only issue is whether the prospective juror is disqualified by the criteria set forth in the applicable division of R.C. 2313.42. In this case, the factual issue to be determined at the trial of the challenge was whether children of the prospective juror were employees of Bank One. Even if an abuse-of-discretion standard be applied to that factual determination by the trial court, the result is that the prospective juror was disqualified by R.C. 2313.42(E) since the trial court found that children of the prospective juror were employed by defendant Bank One. The trial court's "rehabilitation" of the prospective juror by its finding that the prospective juror could be impartial despite the statutory disqualification for cause was not an issue properly before the trial court for determination. The plain meaning of R.C. 2313.42
is that after a determination by the trial court that a disqualification criterion of R.C. 2313.42 applies to a prospective juror then the only result that can ensue is disqualification of the prospective juror and it is error for the trial court to seat the disqualified juror on the panel and permit him to serve as a juror in the trial of the cause. The trial court has no discretion to seat a disqualified juror on the jury panel trying a cause. In Berk, the trial court found that the disqualification criteria of R.C. 2313.42(J) did not exist. Here, the trial court found that the disqualification criteria of R.C. 2313.42(E) did in fact exist.
 {¶ 100} Neither R.C. 2313.42 nor Berk, supra, provides, or even suggests, that once the trial court makes a determination that one or more of the disqualifying criteria of R.C. 2313.42
applies with respect to a prospective juror, the trial court can then "rehabilitate" the disqualified prospective juror by "finding" that the juror can be fair and impartial despite the statutory disqualifications.
 {¶ 101} Only division (J) of R.C. 2313.42 permits seating of a prospective juror solely because of a finding that the juror can be fair and impartial because the disqualification criteria division (J) of R.C. 2313.42 is that the prospective juror "cannot be a fair and impartial juror." However, whether the prospective juror can be fair and impartial is not a criterion to be applied in determining challenges under the other nine divisions of R.C. 2313.42. By statute, it has been determined that a prospective juror who falls within the disqualifying criteria of R.C. 2313.42 cannot serve as a fair and impartial juror without further inquiry. Putting it within the framework of this case, R.C. 2313.42(E) provides that a prospective juror who is the parent of an employee of a party cannot serve as a fair and impartial juror in the cause. This statutory determination is binding upon the courts and no court can properly refuse to apply the statute because the court feels the statutory determination to be wrong. The statute can be amended only by action of the General Assembly and not by judicial fiat.
 {¶ 102} The trial court apparently relied upon decisions such as Bell, supra, in seating the challenged prospective juror despite his disqualification by R.C. 2313.42(E). Bell holds that a juror disqualified by cause by R.C. 2313.42 can nevertheless be seated as a juror upon a finding that he can be fair and impartial despite the statutory disqualification. Application of this questionable doctrine to the first nine divisions of R.C. 2313.42 could result in a prospective juror being seated despite his statutory disqualifications because he: (a) has been convicted of a crime rendering him disqualified to serve on a jury (Division A); (b) was previously on a jury in the same cause (Division D); (c) has an action pending against one of the parties (Division C); (d) is a witness in the case (Division F); or (e) is related to a party or an attorney for a party (Division G). These are only five of the various bases for a principal challenge for cause under R.C. 2313.42. It is entirely inconsistent with the provision of R.C. 2313.42 that each of the divisions of the section constitute "good cause" for a principal challenge of any person called as a juror to permit a person so disqualified to be seated as a juror because he or she states that he or she can be fair and impartial despite the disqualification. As indicated, R.C. 2313.42 expressly provides that the listed criteria constitute "good cause" for challenge to any person called as a juror. No exceptions are provided for and the statute gives no discretion vested in anyone to "rehabilitate" a disqualified person who is called as a juror.
 {¶ 103} Accordingly, there is no basis whatsoever for failing to apply the plain meaning of the clear language of R.C.2313.42(E) that a person who is the parent of an employee of a party to the action is for that reason alone disqualified to serve as a juror in the trial of the action.
 {¶ 104} Thus, the trial court erred in permitting a statutorily disqualified person to serve as a juror over the objection of plaintiff. Although as indicated above, the abuse of discretion standard of review applies only to the trial court determination as to the factual existence of the statutory basis for disqualification even if an abuse of discretion standard be applicable, it is an abuse of whatever discretion the trial court may have when the court fails or refuses to apply the clear language and plain meaning of a statute disqualifying a person from serving as a juror in a cause.
 {¶ 105} Accordingly, I would sustain the first assignment of error, reverse the judgment of the trial court as to plaintiff's sex discrimination claim and remand the cause to the trial court for a new trial upon the sex discrimination claim. As indicated above, I concur in the judgment in the majority opinion with respect to assignments of error one, two, and four.