HALL, APPELLANT, *v.* BANC ONE MANAGEMENT CORP. ET AL., APPELLEES.

[Cite as *Hall v. Banc One Mgt. Corp.,* 114
Ohio St.3d 484, 2007-Ohio-4640.]

(No. 2006–0703—Submitted March 14, 2007—Decided September 26, 2007.)

O'DONNELL, J.

{¶ 1} The issue presented in this appeal concerns whether a trial court, while empaneling a jury, may exercise discretion to deny a statutory challenge that the legislature has stated constitutes good cause to excuse a prospective juror. Upon review, we conclude that the statutory challenges for cause catalogued in R.C. 2313.42(A) through (I) consist of objectively verifiable facts and conclusions, which, if found valid by the court, require the court to excuse the prospective juror and thereby preclude the exercise of judicial discretion to seat that prospective juror. R.C. 2313.42(J), however, requires the court to make a subjective determination about a potential juror's fairness and impartiality and therefore requires the exercise of judicial discretion. See *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

{¶ 2} Accordingly, we reverse the judgment of the appellate court and remand this cause for further proceedings.

{¶ 3} In 1984, appellant, Anne Hall, began working as a government- and community-relations representative for appellee Bank One and various other Bank One entities, and after a merger in 1998, she became director of the Government Relations Group. However, in March 2000, Gerald Buldak, senior vice president and head of corporate and community affairs for the bank, informed Hall, then age 47, at a meeting in Chicago that the company had eliminated her position and that Barbara Stewart, a woman whom Hall had hired, would assume leadership of the bank's Government Relations Group. At that time, Stewart was under the age of 40.

{¶ 4} Contending that Bank One had discriminated against her both during her employment and in terminating her, Hall filed this action asserting claims of age and sex discrimination and a separate claim of retaliation in violation of R.C. 4112.02. She alleged in her complaint that unlike her predecessor, a male who had reported directly to the chairman of the corporation regarding the Government Relations Group, she was required to report instead to a vice president, effectively depriving her of authority. She also claimed that following her termination, she had been "pretextually replaced by a significantly younger female employee" who lacked experience in banking, governmental relations work outside Illinois, and corporate political-action programs. Finally, she alleged that Bank One retaliated against her after she enlisted the services of an attorney to act on her behalf while still employed with the bank. The trial court granted summary judgment in favor of the bank on Hall's age and retaliation claims and scheduled the sex-discrimination claim for trial.

{¶ 5} During voir dire at the trial of the sex-discrimination claim, Hall challenged a prospective juror, Michael Stein, because he acknowledged that he had two sons, both of whom worked for Bank One at the time of trial. Specifically, he indicated that his son Jason worked in Bank One's computer department and that his son John worked as a manager for the Sunbury branch office near Columbus. Further questioning revealed that Stein's daughter had also been employed at Bank One but that the company had terminated her position. Stein maintained that he felt no loyalty to Bank One despite the fact that his sons worked for the bank, and he indicated that neither he nor his daughter faulted the company for her termination, which he characterized as "a business decision" necessitated by "the economy that we're all living in right now."

{¶ 6} Hall's challenge to Stein's qualifications to serve on this jury comported with R.C. 2313.42(E), precluding jury service of a parent whose children are employed by a party. Hall contended that Stein, because the bank employed his

two sons, could not render a fair and impartial verdict. The trial court, believing that Stein would be fair, denied the challenge. Following the close of evidence, the jury began its deliberation and later returned a verdict in favor of Bank One.

{¶ 7} The court of appeals affirmed the judgment on the sex-discrimination verdict in favor of Bank One, the trial court's decision to deny the challenge to Stein's qualifications, and the summary judgment entered in favor of the bank on the retaliation claim. The court, however, reversed the summary judgment in favor of Bank One on Hall's age-discrimination claim and remanded that matter to the trial court.

{¶ 8} We granted discretionary review in this case to consider only the narrow issue regarding a trial court's authority to exercise discretion to seat a prospective juror who is otherwise disqualified by statute from serving on a jury.

{¶ 9} R.C. 2313.42 provides in its entirety:

{¶ 10} "Any person called as a juror for the trial of any cause shall be examined under oath or upon affirmation as to his qualifications. A person is qualified to serve as a juror if he is an elector of the county and has been certified by the board of elections pursuant to section 2313.06 of the Revised Code. A person also is qualified to serve as a juror if he is eighteen years of age or older, is a resident of the county, would be an elector if he were registered to vote, regardless of whether he actually is registered to vote, and has been certified by the registrar of motor vehicles pursuant to section 2313.06 of the Revised Code or otherwise as having a valid and current driver's or commercial driver's license.

{¶ 11} "The following are good causes for challenge to any person called as a juror:

{¶ 12} "(A) That he has been convicted of a crime which by law renders him disqualified to serve on a jury;

{¶ 13} "(B) That he has an interest in the cause;

{¶ 14} "(C) That he has an action pending between him and either party;

{¶ 15} "(D) That he formerly was a juror in the same cause;

{¶ 16} "(E) That he is the employer, the employee, or the spouse, parent, son, or daughter of the employer or employee, counselor, agent, steward, or attorney of either party;

{¶ 17} "(F) That he is subpoenaed in good faith as a witness in the cause;

{¶ 18} "(G) That he is akin by consanguinity or affinity within the fourth degree, to either party, or to the attorney of either party;

{¶ 19} "(H) That he or his spouse, parent, son, or daughter is a party to another action then pending in any court in which an attorney in the cause then on trial is an attorney, either for or against him;

{¶ 20} "(I) That he, not being a regular juror of the term, has already served as a talesman in the trial of any cause, in any court of record in the county within the preceding twelve months;

{¶ 21} "(J) That he discloses by his answers that he cannot be a fair and impartial juror or will not follow the law as given to him by the court.

{¶ 22} "Each challenge listed in this section shall be considered as a principal challenge, and its validity tried by the court."

{¶ 23} This case presents an opportunity for this court to interpret the language of this statute specifically with respect to the statutory challenge asserted by Hall to excuse Stein from serving on the jury because his sons both worked for Bank One, a party to the case.

{¶ 24} In interpreting a statute, we are bound by the language enacted by the General Assembly, and it is our duty to give effect to the words used in a statute. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14; see, also, *State v. Cress,* 112 Ohio St.3d 72, 2006-Ohio-6501, 858 N.E.2d 341, ¶ 38. We are free neither to disregard or delete portions of the statute through interpretation, nor to insert language not present. Id.; see, also, *Whitaker v. M.T. Automotive, Inc.,* 111 Ohio St.3d 177, 2006-Ohio-5481, 855 N.E.2d 825, ¶ 15.

{¶ 25} The essence of Hall's position is that the statute charges the trial court with the responsibility to try the validity of each principal challenge, and Hall further claims that the trial court does not have discretion to seat a prospective juror who is otherwise disqualified from service, because the statute expressly states, "The following are *good* causes for challenge to any person called as a juror." (Emphasis added.) R.C. 2313.42.

{¶ 26} By contrast, Bank One, relying in part on our decision in *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301, contends that the trial court may exercise discretion during voir dire to excuse a prospective juror for cause.

{¶ 27} Thus, the issue for clarification in this case concerns the responsibility of a trial judge when entertaining a challenge to a prospective juror during voir dire.

{¶ 28} At common law, jurors could be challenged propter affectum "because some circumstance, such as kinship with a party, render[ed] the potential juror incompetent to serve in the particular case." Black's Law Dictionary (8th Ed.2004) 245. Challenges propter affectum took two forms: principal challenges and challenges to the favor. 2 Blackstone, Commentaries on the Laws of England, *363. A principal challenge is one "where the cause assigned carries with it *prima facie* evident marks of suspicion either of malice or favor * * *, which, if true, cannot be overruled, for jurors must be *omni exceptione majores* "

(above all challenge). Id. Thus, where a party establishes the existence of facts supporting a principal challenge, this finding "result[s] in automatic disqualification," and no rehabilitation of the potential juror can occur. Black's Law Dictionary at 245. Blackstone sets forth several basic principal challenges in his Commentaries, including instances where "a juror is of kin to either party within the ninth degree," where a potential juror "has an interest in the cause," or where the potential juror "is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him." 2 Blackstone *363.

{¶ 29} In contrast to principal challenges, challenges to the favor permit a party to assert a challenge for cause when no principal challenge exists, but when the party "objects only some probable circumstances of suspicion, as acquaintance and the like." Id. When a party asserted a challenge to the favor, Blackstone indicates, triors—"two indifferent persons named by the court" for the purpose of determining whether a potential juror can be impartial—would then decide whether to seat the juror.

{¶ 30} Though the law has evolved since the time of Blackstone, we have repeatedly acknowledged the distinction between principal challenges and challenges to the favor during voir dire. In *Dew v. McDivitt* (1876), 31 Ohio St. 139, paragraph one of the syllabus, we held, "On the trial of the validity of a challenge alleged against a juror, *other than a principal cause of challenge*, a sound discretion is allowed to the court." (Emphasis added.) There, Dew asserted a challenge to the favor regarding several potential jurors on the grounds that they had been jurors in a related case. Id. at 140–141. The trial court, upon learning of the prior service, conducted additional voir dire and concluded that the jurors could remain impartial. Id. We affirmed the trial court's decision, reasoning that a "great latitude of discretion must be allowed to the court in the trial of a challenge *for favor*, as there was at common law to the triers appointed for that purpose." (Emphasis added.) Id. at 142; see, also, *Stevenson v. State* (1904), 70 Ohio St. 11, 13, 70 N.E. 510.

{¶ 31} We again distinguished between these two forms of challenges in *Lingafelter v. Moore* (1917), 95 Ohio St. 384, 117 N.E. 16. There, a potential juror indicated during voir dire that he had a negative opinion of Lingafelter, but, following additional questioning from the trial court, indicated that he could be impartial. Lingafelter asserted a challenge to the favor in accordance with G.C. 11438, which the trial court denied. Citing *McDivitt*, we reversed that determination and held that the potential juror's statements indicated "actual bias" and that the trial court had abused its discretion by denying the challenge.

{¶ 32} The United States Supreme Court confronted a similar issue in *United States v. Wood* (1936), 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78, in which it held that the Sixth Amendment did not require automatic disqualification of federal

employees as jurors in cases involving the United States as a party. Id. at 134, 141, 57 S.Ct. 177, 81 L.Ed. 78. The court noted that "[c]hallenges to the polls were either 'principal' or 'to the favor,' the former being upon grounds of *absolute disqualification*, the latter for actual bias." (Emphasis added.) Id. at 135, 57 S.Ct. 177, 81 L.Ed. 78. The court further reasoned that principal challenges, where established, create implied bias, which is "bias conclusively presumed as matter of law." Id. at 133, 57 S.Ct. 177, 81 L.Ed. 78; see, also, *United States v. Torres* (C.A.2, 1997), 128 F.3d 38, 41 ("It is well-settled in our circuit that judges *must* presume bias in certain highly limited situations where a juror discloses a fact that creates such a high risk of partiality that the law requires the judge to excuse the juror for cause" [emphasis sic] ).

{¶ 33} The nature of principal challenges and challenges to the favor is well entrenched in Ohio jurisprudence. Pursuant to R.C. 2313.42(A) through (I), when the trial court tries the validity of a principal challenge and finds facts supporting the challenge to be valid, the result is absolute disqualification. And this disqualification deprives the trial court of any ability to rehabilitate the potential juror. See *Dew*, 31 Ohio St. 139, paragraph one of the syllabus; see, also, *Wood*, 299 U.S. at 135, 57 S.Ct. 177, 81 L.Ed. 78.

{¶ 34} In this case, we are concerned specifically with R.C. 2313.42(E), a principal challenge, which may be asserted against a potential juror if that person is "the employer, the employee, or the spouse, parent, son, or daughter of the employer or employee, counselor, agent, steward, or attorney of either party." It is uncontested in this case that the prospective juror, Michael Stein, had two sons, both of whom worked for Bank One, a party to this action. Inasmuch as the statute requires the court to try the validity of a challenge, the court's determination is confined to its assessment of the truth of the challenge based on the testimony adduced during the examination of the prospective juror; the statute does not authorize the court to exercise discretion or to independently assess the impartiality of the juror. Nor does our holding in *Berk* permit the court to do so, as our syllabus confined that holding to R.C. 2313.42(J). 53 Ohio St.3d 161, 559 N.E.2d 1301. The statute here limits the court to determining the validity of the challenge, i.e., whether Stein is the parent of an employee of a party to the suit, because principal challenges require absolute disqualification, inasmuch as the legislature has expressly delineated those challenges that it has predetermined are "good cause" to challenge a prospective juror. Thus, the statute requires a trial court while empaneling a jury to try the validity of a principal challenge and to excuse a prospective juror for good cause if it finds those challenges valid. The legislature has incorporated historic principal challenges into R.C. 2313.42(A) through (I); these require an objective determination of facts, the validity of which is left to the court. Notably, they do not involve

any subjective analysis regarding fairness or impartiality, which is the basis for challenge in R.C. 2313.42(J).

{¶ 35} Moreover, adopting the position advocated by Bank One would render the entirety of R.C. 2313.42 superfluous. R.C. 2313.42(A) lists ten specific principal challenges, including many that existed at common law, and it further states that they "are *good* causes for challenge." (Emphasis added.) If the legislature had intended a trial court to exercise discretion with respect to these specific challenges, it could have omitted the word "good" or it could have provided for the exercise of judicial discretion, but it did not do so. We cannot add words to a statute to conform it to a meaning not intended by the General Assembly. *White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, at ¶ 14. And we are required to give effect to the words used in statutes. Id.

{¶ 36} The principal challenges to prospective jurors incorporated into R.C. 2313.42(A) through (I), which are tried to the court, establish a conclusive presumption of disqualification if found valid, in conformity with longstanding judicial precedent, and require the court to dismiss the prospective juror, not to rehabilitate or exercise discretion to seat the prospective juror upon the prospective juror's pledge of fairness despite the disqualification.

{¶ 37} The legislature's incorporation of Division (J) into R.C. 2313.42 appears to be misplaced because that challenge was not part of the common law, nor was it included in an earlier version of this statute, G.C. 11437. See, e.g., *State v. Ellis* (1918), 98 Ohio St. 21, 120 N.E. 218. Its counterpart, G.C. 11438, preceded R.C. 2313.43. The difference between the statutes, of course, is that the latter challenges applied the abuse-of-discretion standard, *Dew*, 31 Ohio St. 139, paragraph one of the syllabus, while the former required absolute disqualification regardless of actual bias or partiality, *Wood*, 299 U.S. at 135, 57 S.Ct. 177, 81 L.Ed. 78; *Parusel v. Ewry*, Lucas Cty. No. L–02–1402, 2004-Ohio-404, 2004 WL 190077, ¶ 36.

{¶ 38} Regardless of placement by the General Assembly, we are convinced, as we explained in *Berk*, that Division (J) allows the exercise of discretion by the court, as reflected in the syllabus of *Berk*, which specifically confines its holding to a challenge made pursuant to R.C. 2313.42(J); the remaining divisions of R.C. 2313.42(A) through (I) do not permit the exercise of discretion.

{¶ 39} For the foregoing reasons, the judgment of the court of appeals is reversed, and the matter is remanded for further proceedings.

Judgment reversed
and cause remanded.

Moyer, C.J., Pfeifer, Lundberg Stratton, O'Connor and Cupp, JJ., concur.

Lanzinger, J., dissents.

---

**Lanzinger, J., dissenting.**

{¶ 40} Until now, R.C. 2313.42, the statute listing "good causes for challenge," has been read to allow a trial court discretion to determine whether a juror may be seated when a principal challenge is made. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301. In *Berk,* the holding within the body of the opinion was clearly stated: "We therefore hold that the determination of whether a prospective juror should be disqualified for cause is a discretionary function of the trial court. Such determination will not be reversed on appeal absent an abuse of discretion." Id. at 169, 559 N.E.2d 1301. Thus the holding was not expressly limited to R.C. 2313.42(J) alone.

{¶ 41} In my view, the seminal case is *Maddex v. Columber* (1926), 114 Ohio St. 178, 151 N.E. 56, in which this court examined causes to challenge a juror under G.C. 11437 (recodified as G.C. 11419–51, predecessor section to R.C. 2313.42),[1] which is nearly identical to the current statute. The question in *Maddex* was whether in a case in which a municipality was a defendant, a taxpayer had an interest that disqualified him pursuant to G.C. 11437(2): "The following shall be good causes for challenge to any person called as a juror for the trial of any cause: * * * (2) That he has an interest in the cause." After examining statutes in other states, we noted, "The consensus of opinion seems to be that, if a juror on inquiry should say that he has an interest by reason of which he would not be

---

1. {¶ a} G.C. 11437 provided:

{¶ b} "The following shall be good causes for challenge to any person called as a juror for the trial of any cause:

{¶ c} "1. That he has been convicted of a crime which by law renders him disqualified to serve on a jury;

{¶ d} "2. That he has an interest in the cause;

{¶ e} "3. That he has an action pending between him and either party;

{¶ f} "4. That he formerly was juror in the same cause;

{¶ g} "5. That he is the employer, employe, counselor, agent, steward, or attorney of either party;

{¶ h} "6. That he is subpoenaed in good faith as a witness in the cause;

{¶ i} "7. That he is akin by consanguinity or affinity within the fourth degree, to either party, or to his attorney;

{¶ j} "8. That he is a party to another action then pending in any court, in which an attorney in the cause then on trial is an attorney, either for or against him;

{¶ k} "9. That he, not being a regular juror of the term, has served once already as a talesman in the trial of any cause, in any court of record in the county within the preceding twelve months; and in any of such cases each shall be considered as a principal challenge, and its validity tried by the court." See, also, *State v. Ellis* (1918), 98 Ohio St. 21, 26, 120 N.E. 218.

able to render a fair and impartial verdict, he is thereby disqualified; but, if his interest by reason of being a taxpayer is not such as would affect his verdict, and if, regardless of the fact of being a taxpayer, he could listen to the evidence and render a fair and impartial verdict, under the instructions of the court as to the law, then such proposed juror is not disqualified." *Maddex*, 114 Ohio St. at 184, 151 N.E. 56. We adopted the rule that the statute did not mandate disqualification on the sole fact of interest "if upon inquiry the court determines that, notwithstanding such fact, the juror, if accepted, will render a fair and impartial verdict." Id. at paragraph one of the syllabus.

{¶ 42} The Tenth District correctly recognized that "a principal challenge for cause does not deprive a trial court of discretion to determine whether to disqualify a prospective juror, where the prospective juror expresses himself as able to render a fair and impartial verdict on the evidence and under the law." *Hall v. Banc One Mgmt. Corp.*, Franklin App. No. 04AP–905, 2006-Ohio-913, 2006 WL 465109, at ¶ 65.

{¶ 43} Based on a reading of ancient history, fascinating but irrelevant to modern voir dire, the majority retreats from the idea that a trial court may rehabilitate a potential juror upon questioning, and artificially limits the court's discretion, to R.C. 2313.42(J) alone. Although subsections (A) through (I) specify situations in which bias may be presumed as a matter of law, R.C. 2313.42 concludes: *"Each challenge listed in this section* shall be considered as a principal challenge, *and its validity tried by the court."* (Emphasis added.) At least four district courts of appeals have applied the court's exercise of discretion to the entire statute, allowing for rehabilitation if a challenge for cause is made. *Layne v. Jenison*, Stark App. No. 2004CA00236, 2005-Ohio-2988, 2005 WL 1399271 (the determination to excuse for cause is a discretionary function of the trial court); *State v. Wyatt*, Summit App. No. 22070, 2004-Ohio-6546, 2004 WL 2806330, ¶ 10 (it is a discretionary function of the trial court to decide whether to remove a juror for bias pursuant to R.C. 2313.42(E)); *Metzger v. Al–Ataie*, Gallia App. No. 02CA11, 2003-Ohio-2784, 2003 WL 21251579, ¶ 13 (trial court did not abuse its discretion when it did not dismiss for cause a juror whose wife had been a patient of one of the defendants and whose daughter was employed by the medical center); *Richter v. Univ. Hosps. of Cleveland* (May 5, 1983), Cuyahoga App. No. 45382, 1983 WL 2959 (trial court was within its discretion to deny challenge for cause to juror whose daughter worked for the defendant hospital).

{¶ 44} Although purporting to rest on the words of the statute, the majority opinion argues that the first nine categories are "objective" and the last, subsection (J), is "subjective" and "appears to be misplaced." [2] ¶ 34 and 37. Yet if

---

2. To the contrary, the addition of (J) to R.C. 2313.42 strengthens the idea that the court's discretion is to apply throughout the entire statute. Another statute authorizes challenges based solely on the

the first nine categories of R.C. 2313.42 set forth a per se, rather than a prima facie, rule of disqualification, the legislature has not yet expressly declared it. In my view, the majority's interpretation is an unwarranted restriction on the judge's discretion that is not required by the statute.

{¶ 45} I respectfully dissent and would affirm the judgment of the court of appeals.

---

Law Offices of Russell A. Kelm, Russell A. Kelm, and Cynthia L. Dawson, for appellant.

Baker & Hostetler, L.L.P., Robert M. Kincaid, Ellen J. Garling, and Elizabeth A. McNellie, for appellee.

Zavarello & Davis Co., L.P.A., and Rhonda Gail Davis, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.

Gittes & Schulte and Frederick M. Gittes; Fortney & Klingshirn and Neil E. Klingshirn, urging reversal for amici curiae the Ohio Employment Lawyers Association, the Ohio Now Legal Defense and Education Fund, and the Committee Against Sexual Harassment.

---

fact of perceived prejudice or partiality. R.C. 2313.43 provides, "In addition to the causes listed under section 2313.42 of the Revised Code, any petit juror may be challenged on suspicion of prejudice against or partiality for either party, or for want of a competent knowledge of the English language, or other cause that may render him at the time an unsuitable juror. The validity of such challenge shall be determined by the court and be sustained if the court has any doubt as to the juror's being entirely unbiased."